The cause stood continued for advisement, and now at this term the opinion of the Court was delivered as follows by
Parsons, C. J.
[After a brief recital of the history of the action.] The defendant, having summoned the executors of the plaintiff, moves that they may be called, and, if they do not appear, that he may have judgment for costs against them as upon a nonsuit. The *545 counsel for the executors in fact, but appearing as amicus curia objects, because the statutes relating to this subject do not extend to a case where both the parties have died.
The words of the statute extend to all cases where either party shall die pending an action which by law survives. The object of the statute is remedial, and it ought to have a liberal construction. If either of the original parties die, his executor or administrator may be a party, because the action might be commenced by or against an executor or administrator, in which the survivor may be a party. If, therefore, on the death of one of the original parties, his executor or Administrator has, pursuant to the statutes, been made a party, * he is now a party to an action pending; [ * 622 ] and if the other original party afterwards die, it is a case within the words of the statute; and it is also within the reason of it, because a new action for the same cause may be commenced, in which the executors or administrators of both the deceased parties shall be the parties. By a liberal and reasonable construction of these statutes, we are of opinion that the executors of Hunt might have voluntarily appeared and prosecuted it, and may therefore be compelled to prosecute or suffer a nonsuit to be entered.
The counsel for the executors, in further support of his objection, has argued from the great injustice that would be done in this case, if they were compellable to prosecute or be nonsuit, because, by the death of the original defendant insolvent, and the settlement of the estate in the probate office, the cause of action is taken away ; and .f they appeared, it must be for the purpose of having a judgment for costs against their testator, in an action duly commenced, and for legal cause.
If this objection were well founded, it would certainly induce the Court to give such a construction to the statute as would remove the foundation of it, if it could be done consistently with the manifest intent of the legislature. We have, therefore, considered the several provisions of our insolvent laws that relate to this subject, supposing the facts alleged by the counsel to be admitted.
The object of our insolvent laws is the distribution pro rata of the effects of a deceased insolvent debtor among all his creditors, by the executor or administrator, except debts due for all rates and taxes, and debts due to the commonwealth, and for the last sickness and necessary funeral expenses of the deceased. All the personal estate of the deceased, and all the real estate, of which he died seised in fee simple or in tail, compose the funds for the payment of his debts; and they are to be collected and reduced to cash by the executor or administrator. The claims of the creditors and tne distribution of the effects are adjusted and decreed in the *546 Probate Court, and by proceedings under its commission. The executor or administrator has a year, after he has taken upon himself the trust, to ascertain the probability of the insolvency of the deceased. He will ascertain, as well as he can, the [ * 623 ] * amount of the debts, which he will compare with the effects of which he has knowledge, and thus form his opinion. If he believes the estate to be insolvent, he will represent these facts .to the judge; and if the judge shall allow the representation, and award a commission of insolvency, the estate is then apparently insolvent; and the law will not permit any of the effects to be taken from the executor or administrator by legal process, to satisfy the demand of any creditor ; but a demand may be settled by legal process, so far that it may be evidence of the amount of the claim.
If, on the return of the commission, and the settlement of the administration account, the judge shall decree a distribution of the effects, then there is legal evidence of an absolute insolvency, and not before. For the insolvency may depend on a claim allowed by the commissioners, which may be disputed by the executor or administrator, and defeated by a trial at law. Upon an absolute insolvency, the executor or administrator must administer the effects pursuant to the decree. As it has been observed that, after an apparent, and before an absolute insolvency, the creditors may ascer tain the amount of their claims by legal process, it may be necessary to consider the action of a creditor.
The executor or administrator may become a party defendant, either during an apparent insolvency, or before, or after it be defeated by neglecting or refusing to settle an administration account, or after it has become absolute by a decree of distribution. In the first case, the action may be brought in consequence of exceptions to the report of the commissioners, when it is expressly provided that the creditor shall proceed to judgment, which shall be conclusive evidence of his claim, but he shall not have execution; or the action may be brought without submitting the claim to the commissioners. In this case, the defendant may abate the plaintiff’s writ, by pleading the apparent insolvency, and admitting the creditor’s demand. But if he dispute the demand, the plaintiff may proceed to judgment, as conclusive evidence of his claim to be laid before the commissioners, but shall not have execution. For it would be an unreasonable construction of the act, to permit the defendant to abate the writ when he disputed the de- [ * 624 ] mand, and to drive * the creditor before commissioners, whose report might be excepted to by the defendant, *547 and the plaintiff compelled again to resort to a court of law for justice.
If the action be commenced before an apparent insolvency, it shall be continued until it shall appear whether there is or is not an apparent insolvency; because until there is an apparent insolvency, if judgment be rendered for the creditor, he will be entitled to execution, which would be injurious to the other creditors, if the estate'Should in fact be insufficient to pay all the debts. But after there is an apparent insolvency, the plaintiff may proceed to judg ment, as evidence of his claim before commissioners, but he cannot have execution.
The doubt which has been conceived as to this last point, has arisen from the direction in the statute, that actions commenced before the estate be represented insolvent shall be continued until it appear whether the estate is or is not insolvent. If by this last insolvency is intended an absolute insolvency, determined by a decree of distribution, then the action must be continued to the time of that decree. But when the statute further provides that, when it is known that the estate is insolvent, the proceedings shall be conducted as aforesaid, that is, to judgment as evidence of the claim, and not to execution to satisfy it, it seems to remqve the doubt. The judgment, if rendered after an absolute insolvency, would be useless to the creditor; for the commission is closed, and all the effects distributed, to the total exclusion of his demand. But if an apparent insolvency be intended, then a subsequent judgment will be evidence of his claim, and he may have it allowed, and receive a pro raid dividend of the effects.
There is one difficulty in the statute of 1788, c. 66, § 2.
It is there provided that an executor or administrator shall not be compelled to defend any action commenced against him within twelve months after he has accepted the trust, with certain exceptions, one of which is when the action is brought to ascertain a claim that is contested. To preserve a consistency with the other statutes, this exception must be confined to a case in which an apparent insolvency has taken place within the year. Upon this construction, the several * provisions are con- [ * 625 ] sis tent; and it is manifest that, during an apparent insolvency, the executor or administrator may be compelled to defend an action, so far as to ascertain a claim which he contests, but not to be obliged to satisfy it.
But where there is an apparent insolvency pending the action, the creditor is not obliged to proceed to judgment to ascertain his claims. It may not be the subject of dispute, and may be ascertained without difficulty. But he need not discontinue his suit, as *548 the estate may not eventually become absolutely insolvent, or the apparent insolvency may be defeated by the negligence of the executor or administrator in settling his account, or contrary to his expectations, his claim before the commissioners may be disallowed or disputed. In the two first cases, he may proceed to judgment and execution, and in the last to judgment. There is, therefore, no impropriety in continuing his action in Court, while he submits his claim to the commissioners. If there should be an absolute insolvency, the executor or administrator may then plead a special plene adminisiravit. If the creditor admits the truth of the plea, he can have no judgment, for he must claim his distributive share under the decree, which is a new cause of action, if payment be refused.
But can the administrator have judgment against him ? The action was well commenced, and for a legal cause; but the effect of it has been avoided, not by any objection to the form, or to the original merits of it, but by a subsequent appropriation of the assets pursuant to law. Does, therefore, the executor or administrator prevail against the creditor, within the intent of the statute of 1784, c. 28, § 9, giving costs to the party prevailing ? Certainly this construction would be unjust, as the plaintiff is in no fault, but the misfortune of trusting a debtor unable to pay.- If the defendant executor or administrator cannot have judgment, the consequence is, that all further proceedings in the action must be stayed, and that thereof the parties go without day. If it should be said that the executor or administrator ought to have some means to bar any other action for the same cause, the answer is, that a confession by the plaintiff on record, of the truth of the defendant’s [ * 626 ] * plea of plene adminisiravit would forever be an estoppel^ to him in maintaining another action for the same cause.
.It is unnecessary to consider the cases where a creditor sues after an apparent insolvency is defeated by the neglect or refusal of the executor or administrator to settle his account, or where the action is brought after an absolute insolvency. In the former case, the proceedings are the same as where there has been no apparent insolvency; and in the latter case, the plaintiff will be barred by a plea of a special plane adminisiravit, unless he is able to satisfy it.
In applying these principles to the objection made by the counsel for the executors in the present case, we shall consider Mr. Hunt as now the plaintiff; for if the administrator would be entitled to costs against him, no good reason can be given why he should not have costs against his estate when dead. Hunt, therefore, brought his action in due form, and for a just debt; but pending the action, by an insolvency of his debtor, the effects are all specially appropriated, and he cannot have judgment against the goods and estate *549 of his debtor. The administrator shows these matters to obtain costs ; the truth of them is admitted. And does the administrator prevail within the intent of the statute giving costs? Would Hunt. at common law, be in misericordia for his false clamor ? We think not; that no judgment for either party could be rendered, but that all further proceeding would stay. In this case, therefore, the administrator cannot recover costs, and so the objection of the counsel for the executors is not well founded; and the executors of the original plaintiff must be called to appear, upon pain of a nonsuit being entered. But if they appear, no costs can be taxed against them, on the allegation of the administrator, that the effects of the original defendant have been specially appropriated pursuant to law since the rightful commencement of the original suit, (a)

 [See Blossom vs. Goodwin, 1 Mass. Rep. 503. — Johnson vs. Ames, 6 Pick. 339 — Rev Stat. c. 68, § 19. —Ed.]