## Case No. 6,207.

### HATCH v. EUSTIS.

[1 Gall. 160.][1]

Circuit Court, D. Massachusetts. May Term, 1812.

EXECUTORS AND ADMINISTRATORS — ACTIONS AGAINST—SUBSTITUTION OF—JUDGMENT AND EXECUTION AGAINST.

1. The pendency of a commission of insolvency is no bar to a scire facias against an administrator on a judgment had against him.

2. If after verdict, and before judgment, the defendant die, and his administrator become party to the suit, and judgment pass against him, and execution issue thereon, and be returned unsatisfied; on scire facias against the administrator, he may well plead no assets, or insolvency, for he had no time to plead such plea in the original suit.

[Cited in Kelly v. Herrall, 20 Fed. 365; Gerling v. Baltimore & O. R. Co., 14 Sup. Ct. 542.]

[Cited in Wade v. Kalbfleisch, 58 N. Y. 282; Ingraham v. Champion (Wis.) 54 N. W. 398; Smith v. Stevens, 133 Ill. 191, 24 N. E. 511.]

3. Quaere, in such case, if any execution ought to have issued on the original judgment until after a scire facias against the administrator.

[This was an action at law by Eliza Hatch, as executrix of Nathaniel Hatch, against George W. Eustis.]

S. Dexter, for plaintiff.
A. Ward, for defendant.

STORY, Circuit Justice. This is a scire facias, brought by the plaintiff as executrix of Nathaniel Hatch, to charge the defendant de bonis propriis with the amount of a judgment recovered against him as administrator with the will annexed of Thomas Eustis deceased. The declaration alleges the recovery and judgment to have been had in the circuit court of the United States, at October term, 1809, for the sum of $1276.66 debt or damage, and $86.95 costs of suit, and that execution duly issued thereon on the 28th of April, 1810, upon which a return was made of nulla bona testatoris. The scire facias issued on the 26th, and was served on the 31st of July, 1810. To this the defendant has pleaded in substance: That the original suit was commenced and tried in the lifetime of said Thomas Eustis, and after trial and before judgment the said Thomas Eustis died, whereupon the said George took administration with the will annexed, and took upon himself the defence of said suit, and afterwards judgment was rendered as aforesaid. That the estate of said Thomas being insolvent, on the 3d day of September, 1810, a commission of insolvency duly issued from the probate court of Middlesex county, which commission is yet pending in due course of law. To this plea there is a general demurrer and joinder.

In support of the demurrer it has been argued, that the plea is bad, because it does not state any bar to the action; for it is nowhere averred, that the estate is absolutely insolvent, and unless it be, the remedy at law is not gone. And this objection seems perfectly well founded. If this had been an original writ brought against the administrator, before an apparent insolvency, (which exists where a commission has issued,) he might have obtained continuances, until it should appear, whether there were or were not an apparent insolvency. If after such insolvency, and the demand had not been disputed, such insolvency might have been pleaded in abatement of the action. But in the former case, notwithstanding the apparent insolvency, the creditor would have been entitled to judgment, though not to execution. Hunt v. Whitney, 4 Mass. 620. And even

---

[1] [Reported by John Gallison, Esq.]

in the case of an absolute insolvency after action brought, it can never be a bar, save to the issuing of execution. Id. See Act June 15, 1784 (1 Mass. Laws, 182). But the present is not an original suit against an administrator, as such, but is merely a judicial writ, brought before the apparent insolvency, to obtain the fruits of a former judgment. And if in any shape the insolvency could avail as a bar, it could only be so when absolute; and in the mean time, the facts alleged in the plea could only be matter of continuance. As the consequence of adjudging the present plea bad would probably (as has been intimated) be a motion to replead, and to continue the cause, for this purpose it becomes important to decide, whether in point of law an absolute insolvency would in the present case avail the defendant.

At common law, the death of a sole plaintiff or defendant, before final judgment, would have abated the suit; but if either party had died in vacation after verdict, judgment might have been entered in that vacation, as of the preceding term; and it would have been a good judgment at common law, as of the preceding term. 2 Saund. 72m; 1 Salk. 87; 1 Ld. Raym. 695; 2 Ld. Raym. 766, 849; 3 Salk. 116, 159; 3 P. Wms. 399; Willes, 427; Barnes, 266; 6 Term R. 368; 7 Term R. 20; Cro. Car. 509; 1 Sid. 143; 2 Tidd, Pr. 829. But where either party dies between verdict and judgment, the statute 17 Car. II. c. 8, enacts, that it shall not be matter of error, if judgment be entered within two terms after the verdict. The judgment upon this statute is entered by or against the party, as though he were alive. 1 Salk. 42; 2 Tidd, Pr. 830, 831, 1004. But there must be a scire facias against the administrator to revive it, before any execution can issue; and such scire facias, pursuing the form of the judgment, should be general, as on a common judgment recovered by or against the original party himself. 2 Ld. Raym. 1280; 1 Wils. 302; 2 Tidd, Pr. 1004; 2 Saund. 72m. By statute 8 & 9 Wm. III. c. 11, if either party die after interlocutory and before final judgment, a scire facias to complete the proceedings shall issue by or against the executor or administrator, but upon this statute the final judgment is entered by or against the executor or administrator, and not against the original party. 2 Tidd, Pr. 1004, 1006; 1 Salk. 42. Under this statute it has been adjudged, that the plaintiff must sue out two successive writs of scire facias, to entitle himself to take out execution; one before final judgment, to make the executors or administrators parties to the record; the other after final judgment, to give them an opportunity of pleading the want of assets, or any other matter that an executor may plead in his defence to a scire facias brought upon a final judgment, against his testator; for it would be unreasonable, that the executor or administrator should be in a worse situation, where his

testator or intestate died before final judgment, than they would have been in, if he had died after. Say, Rep. 266; 2 Saund. 72n; 2 Tidd, Pr. 1006.

I have the rather examined fully the proceedings under these statutes, because they throw light upon analogous proceedings in our own courts. The act of congress of 24th September, 1789, c. 20, § 31 (1 Laws [by Folwell] 71 [1 Stat. 90]), provides, that in any suit in a court of the United States, where either party shall die before final judgment, his executor or administrator, in case the cause of action shall by law survive, shall have full power to prosecute and defend the same until final judgment, and the court are authorized to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. And if on scire facias such executor or administrator shall neglect to appear, final judgment may be rendered against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself party to the suit. This statute embraces all cases of death before final judgment, and of course is more extensive than the statutes 17 Car. II., and 8 & 9 Wm. III. The death may happen before or after plea pleaded, before or after issue joined, before or after verdict, or before or after interlocutory judgment; and in all these cases the proceedings are to be exactly as if the executor or administrator were a voluntary party to the suit. The present is a case, where the administrator became a party after verdict, and I shall confine my attention to the rights of the administrator, under these particular circumstances. Now the scire facias, which issued originally in this action, to make the administrator a party to the suit, must have been to show cause why the damages assessed by the jury should not be adjudged to and recovered by the plaintiff. Tidd, Pr. & Forms, 446; 2 Saund. 6, note 2; Id. 72n; 1 Wils. 243; 1 Term R. 388; 2 Tidd, Pr. 100. To such a scire facias could the defendant have pleaded any plea of no assets, or insolvency, or plene administravit? If he could, and neglected it, then manifestly he is bound by that judgment, and it would be conclusive evidence of assets, and the defendant would be estopped to show the contrary. 1 Saund. 216, 219; 3 East, 2; 3 Term R. 685; 2 Tidd, Pr. 921, 999. If he could not, then all the proceedings in this case have been irregular, or the administrator is not now barred of his right to plead any of the pleas aforesaid. Now it is argued, that the administrator to such a scire facias (to appear and show cause, &c.) could not so have pleaded, for he had no day in court for that purpose. The verdict had been already given, and it would seem no objection to adjudging the damages to the plaintiff, that there were no assets in the hands of the administrator. He would still be entitled to judgment, although not to execu-

tion. In the analogous cases in England, under the statute 8 & 9 Wm. III., it is very clear, that the administrator would not be let in so to plead on the first scire facias, although the judgment would be against the administrator de bonis testatoris. But then the plaintiff could not obtain execution on such judgment until a second scire facias, to which the administrator might plead in the same manner, as if the judgment had been in the lifetime of his testator. Upon principle, I can perceive no difference between these cases and the present. The administrator must have a right, at some time, to plead in his own defence no assets, or insolvency. I do not perceive how, upon any acknowledged principles of pleading, this could have been done by him in that stage of the proceedings in which he became on the original scire facias a party to this record, and if not then, no execution ought to have issued, until after judgment on a scire facias founded on the original judgment against him in his capacity of administrator. According to the English practice, the present scire facias, being founded on a return to an irregular execution, ought to be quashed, the original execution set aside, and the plaintiff put to his scire facias against the administrator as such. If, however, the execution were to be considered regular according to any practice established in our state courts, and I know of no such practice, still in the present scire facias the administrator ought to be let in to all the defences, which he would have on an original scire facias against him on a judgment against his testator. As, however, the case now stands upon the pleadings before us, no special order can be made, and we can only declare the defendant's plea in bar bad; and unless other motions intervene, the judgment must be for the plaintiff.

Afterwards on motion the defendant had leave to withdraw his plea, and the cause was continued for further answer.