ORSON QUACKENBUSH v. BRADFORD CAMPBELL, ADMIN-
ISTRATOR *de bonis non*, OF THE ESTATE OF WILLIAM A.
CLARK, DECEASED, AND JAMES J. FORSYTH.

THE SAME v. BRADFORD CAMPBELL, ADMINISTRATOR, &C.
AND ANTHONY FROEMER.

THE SAME v. BRADFORD CAMPBELL, ADMINISTRATOR, &C.
AND JOSEPH ALEXANDER.

Where an estate had been represented insolvent by an administrator *de bonis non*,
a motion was granted staying proceedings on executions, for balances due on
certain mortgage foreclosures, (not being such debts as are preferred by law,)
which had been levied before such representation of insolvency.

It is immaterial whether the estate be represented insolvent by the original adminis-
trator, or the administrator *de bonis non;* the provisions of the statutes applying
to the former, apply also to the latter, where there is no express provision to the
contrary.

No time is limited by statute, within which an estate must be declared insolvent by
an executor or administrator.

MOTION on the part of the administrator *de bonis non*, in
each of the above cases, to stay proceedings on an execu-
tion issued for a balance reported to be due from the
intestate's estate, after sale of mortgaged premises by
Master under decree.

*Kingsley & Miles*, in support of the motion.

*Lawrence & Fletcher*, contra.

THE CHANCELLOR. Since the levy of the executions
on the real estate belonging to the intestate during his
lifetime, the estate has been represented insolvent in the
Probate Court by the administrator *de bonis non*, who asks
for an order staying all further proceedings on the execu-
tions, until the question of insolvency is determined in
that Court.

The statute provides that "No action shall be brought

against an executor or administrator, after the estate is represented insolvent, unless it be for a demand that is entitled to preference, and could not be affected by the insolvency of the estate, or unless the assets should prove more than sufficient to pay all the debts allowed by the commissioners; and if the estate is represented insolvent, while an action is pending against the executor, or administrator, for any demand that is not entitled to such preference, the action may be discontinued without the payment of costs; or, if the demand is disputed, the action may be tried and determined, and judgment may be rendered thereon in like manner, and with the same effect, as is provided in a case of an appeal from the award of the commissioners; or any action may be continued at the discretion of the Court, without costs to either party, until it shall appear whether the estate is insolvent; and if it shall not prove to be insolvent, the plaintiff may prosecute the action as if no such representation had been made." *R. S.* 298, § 19.

No time is fixed by the statute, within which the estate must be represented insolvent. The tenth section (*R. S.* 288,) provides, that no executor or administrator shall be held to answer to the suit of any creditor of the deceased, if commenced within one year after his giving bond for the discharge of his trust, except in certain cases, but does not require the estate to be represented insolvent in the Probate Court within the year. On the contrary, section twelve (*R. S.* 289) provides in express terms, that the estate may be represented insolvent after the expiration of the year, and after a part of the creditors have been paid. In *Walker* v. *Hill*, 17 *Mass. R.* 380, the estate was represented insolvent between three and four years after administration granted; and the administrator, in that case, recovered back a part of a claim paid by him in full

Quackenbush *v.* Campbell, adm. &c.

before the expiration of the year,—the estate afterwards proving insolvent, by reason of the presentation of claims of which the administrator had no notice at the time. A like recovery was had by the same administrator, in *Walker* v. *Bradley*, 3 *Pick. R.* 261.

It is immaterial whether the estate be represented insolvent by the original administrator, or an administrator *de bonis non.* In *Hemenway* v. *Gates*, 5 *Pick. R.* 321, it was held that, "where an administrator dies within four years from the grant of administration, and an administrator *de bonis non* is appointed, actions of creditors are not barred until after the expiration of four years from the last grant of administration." That the two administrators could not be connected together, for the purpose of making out the four years, within which creditors were required to bring their suits. The statute was subsequently amended, and *the amendment is to be found in our own statute.* Reasoning from analogy, it would seem the different provisions of the statute applicable to an original administrator, are equally applicable to an administrator *de bonis non,* where there is nothing to the contrary in the statute itself. If so, no suit under the tenth section of the act, except such as are therein provided for, could be brought against an administrator *de bonis non,* until the expiration of a year after his appointment; and, in the present case, the estate was represented as insolvent by the administrator *de bonis non,* within the year.

The several executions being for demands that will be affected by the insolvency of the estate, all further proceedings upon them must be stayed, until it is ascertained by the proceedings in the Probate Court, whether the estate is insolvent or not; and until the further order of this Court. *Hunt* v. *Whitney*, 4 *Mass. R.* 620; *Coleman* v. *Hall*, 12 *Mass. R.* 570; *Clark* v. *May*, 11 *Mass. R.* 233.