# WASHINGTON.

## PELEG S. BARBER *vs.* HARRIET J. B. D. COLLINS, Administratrix.

An executor or administrator is entitled to a reasonable time after the granting of letters testamentary or of administration within which to represent an es-

tate insolvent under Pub. Stat. R. I. cap. 186, no time being limited by the statute.

What is a reasonable time must be determined by the court according to the particular circumstances of each case.

Pub. Stat. R. I. cap. 186, § 20, which provides that the pendency of any commission on an insolvent estate shall not be a bar to any action against the executor or administrator after the expiration of two years from the granting of letters testamentary or of administration, has no application to writs of *scire facias* brought under Pub. Stat. cap. 189, § 10.

SCIRE FACIAS. Certified from the Common Pleas Division on demurrer to the plea.

*Providence, December* 31, 1894. TILLINGHAST, J. This is an action of *scire facias* and is brought under the provisions of Pub. Stat. R. I. cap. 189, § 10.[1] The writ sets out that the plaintiff, by the consideration of the Common Pleas Division of the Supreme Court holden in the county of Washington on the 1st day of January, 1894, recovered a judgment against the defendant for the sum of $1585, damages, and costs of suit taxed at $24.50, upon which judgment execution was duly issued against the goods and chattels, rights and credits of the defendant's intestate, Edward W. Collins, in the hands of the defendant in her said capacity, and that the officer charged with the service of said execution having been unable to find any such estate whereon to levy said execution has returned the same wholly unsatisfied. To this action the defendant has filed a special plea in bar, in which she sets out that upon the rendition against her of the said judgment, the estate of said Edward W. Col-

---

[1] As follows :

SEC. 10. If the execution shall issue as aforesaid against the estate of the testator or intestate in the hands of the executor or administrator, and the officer charged with the service thereof shall return thereon that he cannot find any such estate whereon to levy such execution and that the same has not been satisfied by such executor or administrator, a writ of *scire facias* may be sued out of the office of the clerk of the same court against such executor or administrator, containing a suggestion of waste, which writ, being duly served by the officer to whom it shall be directed, and by him returned, if the executor or administrator make default of appearance, or, coming in, shall not show sufficient cause to the contrary, execution shall be awarded against him and his own proper estate for the sum recovered, with interest due thereon, with costs, and, for want of estate, against the body of such executor or administrator, as for his own proper debt.

lins, deceased, became insolvent, and was so represented by her on the 5th day of March, 1894, to the Probate Court of Hopkinton, and that commissioners of insolvency upon said estate were then appointed who thereafter duly qualified as such and gave notice of their meetings according to law, as fixed by said Probate Court, on the following days, to wit, six months from the 5th day of March, 1894, and on the 10th day of April, 1894, and on the 5th day of September, 1894 ; and said defendant avers that said plaintiff's claim has never been presented to said commissioners up to the date of the filing of this plea.    Wherefore she prays judgment, &c.

To this plea the plaintiff has demurred, and for causes of demurrer he alleges that said plea does not set forth the date when letters of administration were granted, or that the pendency of said commission existed before the expiration of two years from the time when letters of administration were granted.    Wherefore, on account of "failure to show sufficient cause to the contrary he prays that execution shall be awarded against her, the said Harriet J. D. B. Collins, as and for her own proper debt," &c.

The demurrer as we understand it is based solely upon the assumption that an executor or administrator cannot in any case represent an estate insolvent after the expiration of two years from the- time when letters testamentary or of administration were granted.    We cannot assent to this proposition.    The statute relating to insolvent estates of deceased persons, Pub. Stat. R. I. cap. 186, nowhere fixes a limit to the time within which an estate may be represented insolvent and commissioners appointed thereon, and this being so, it is clear that the only limit which the court can fix is that it must be done within a reasonable time.    *Pierce* v. *Allen*, 12 R. I. 510.    Moreover, what is reasonable time must necessarily depend upon the circumstances of each individual case. An administrator certainly ought not to be under any obligation to represent an estate insolvent until, in the exercise of reasonable diligence, he has had time enough to ascertain whether it is probably so or not.    Indeed, he evidently ought not to represent it insolvent until he ascertains that it is

probably so, or at any rate until he has reason to suspect that it may be so, as otherwise the Court of Probate would have no evidence upon which it could properly act in making the necessary decree. See *Hunt* v. *Whitney*, 4 Mass. 620 ; *Walker* v. *Hill*, 17 Mass. 380, 386 ; *Pramblet* v. *Webb*, 11 S. & M. 438, 445. It is evidently very difficult, if indeed not impossible, for an executor or administrator to ascertain the actual condition of the estate of the deceased until the expiration of the time within which actions may be brought against him, which is three years. Pub. Stat. R. I. cap. 189, § 8. Under this statute, we see nothing to hinder a creditor from delaying the bringing of his action, or even the presentation of his claim, until the very last day of the three years, until which time the executor or administrator may have been wholly ignorant of the existence of any such claim. And it certainly would be a great hardship upon the executor or administrator, and one which we think the legislature could not have intended to impose, if, by reason of the failure to represent the estate insolvent before knowing of such a claim, he could be made personally liable thereon. As said by Potter, J., in *Pierce* v. *Allen, supra,* ''If the executor knows or has reason to suspect that the estate is insolvent and chooses to pay any debts in full, it may be said that he does it at his own risk.'' But he also says that even the payment of debts in such circumstances does not prevent the executor from afterwards representing the estate insolvent. In 2 Wœrner's American Law of Administration, § 404, referring to the declaration of insolvency by an administrator, the author says : '' It should be made as soon as it appears that the assets of the estate are insufficient to pay its debts, which he is, as a general rule, bound to know as soon as the time for presenting claims has expired ; but if he has paid claims in full before the expiration of such time, he is not thereby precluded from obtaining a declaration of insolvency.'' In *Parker* v. *Whiting*, 6 How. (Miss.) 352, 360, Chief Justice Sharkey, in delivering the opinion of the court said : '' The administrator is to judge of the solvency of the estate by comparing its probable value to the amount of

claims legally presented. Creditors within the State have eighteen months allowed them to present their claims; foreign creditors have three years. It is therefore often impossible for an administrator to ascertain the true condition of an estate until the expiration of the time allowed for presenting claims; hence we cannot say that the administrator is absolutely required to make his report sooner. At the expiration of that time, however, an administrator is bound in general to know the condition of an estate, and ought not in ordinary cases to be allowed afterward to be permitted to say that it was insolvent." In *Cash* v. *Dickens*, 2 Lea, 254, it was held that an administrator may suggest the insolvency of the estate *after the time allowed by law* upon showing satisfactory reasons for the delay.

But the plaintiff's counsel contends that more than two years from the time when letters of administration were granted to her having elapsed before said estate was represented insolvent, the pendency of said commission is no bar to this action under the provisions of Pub. Stat. R. I. cap. 186, § 20. Said section is as follows : "The pendency of any commission as aforesaid shall be no bar to any action against the executor or administrator as aforesaid after the expiration of two years from the time letters testamentary or of administration were granted." We think it is very clear that this provision has no application whatever to the case at bar, but that it relates solely to actions referred to in § 18 of said chapter 186, namely, actions brought against the testator or intestate in his lifetime which survive, or actions brought against an executor or administrator in the ordinary way, where the end sought is the recovery of claims against the estate of the deceased. See §§ 12–20 of said chapter.[1] The language of the section clearly shows this to be its only purpose. It provides that "The pendency of any commission *as aforesaid*,"—that is, the commission appointed under the provision of said chapter—"shall be no bar to any action against the executor or administrator *as aforesaid*," &c.,—

---

[1] Printed in 17 R. I. p. 754.

that is, to any action which may be brought under the provisions of the preceding sections of said chapter ; while the provisions regarding a *scire facias* against the administrator for the purpose of subjecting him to personal liability, is contained in another chapter, and evidently designed to cover a very different class of cases.   It is one thing to provide that an administrator who carelessly omits to represent an estate insolvent when he should have done so shall not afterwards by his tardy action further delay creditors, or avoid his statutory liability even, but it is quite another thing to say that an administrator who represents an estate insolvent as soon as he ascertains, or has reason to believe, it to be so, even though it be more than two years after his appointment, shall suffer in his own personal estate or be confined in jail on a judgment recovered against him in an action of this sort.   See *Coleman* v. *Hall*, 12 Mass. 570 ; *Fuller* v. *Connelly*, 142 Mass. 227.

*The demurrer is overruled.*

*James E. Denison*, for plaintiff.

*James C. Collins & Charles Perrin*, for defendant.