## Anna E. Dunlop *vs.* Elizabeth M. McLaughlin.

JULY 23, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This case is before us on the exception of Anna E. Dunlop to a decision of the superior court denying her appeal, as executrix of the will of Edwin G. Dunlop, from a decree entered by the probate court of Cumberland. By that decree the probate court denied her petition representing the insolvency of that estate and praying for the appointment of commissioners to determine disallowed claims in accordance with general laws 1938, chapter 578, §13.

The first notice of appellant's appointment as executrix of her husband's will was published on December 24, 1935. Elizabeth M. McLaughlin, the appellee, filed a claim against the estate, based on a promissory note made by appellant's husband, which claim was disallowed. An action thereon was duly prosecuted by the appellee to trial and final judgment, which was affirmed by this court. *McLaughlin* v. *Dunlop,* 70 R. I. 155. Execution was levied thereon and was returned by the sheriff, wholly unsatisfied out of the assets of the estate. Thereupon the appellee commenced an action in *scire facias,* with a suggestion of waste, to have the execution satisfied out of the property of Anna E. Dunlop individually. G. L. 1938, chap. 579. This relief was granted, after a hearing, by the superior court and the decision therein was affirmed by this court in *McLaughlin* v. *Dunlop,* 71 R. I. 429.

After the action on *scire facias* had been commenced, the appellant, as executrix, filed in the probate court on February 23, 1945 a petition representing the estate of Edwin G. Dunlop insolvent and praying for the appointment of commissioners to hear and determine disallowed claims in accordance with G. L. 1938, chap. 578, §13. This petition was later heard by the probate court and on April 18, 1945 a decree was entered therein, denying the representation of insolvency and refusing appointment of commissioners, on the ground that the petition, not having been filed for more. than nine years after appellant knew of the probable insolvency of the estate, was not filed within a reasonable time.

From this decree the appellant duly filed an appeal to the

superior court on several grounds, the principal one being that the probate court based its decision on a ruling in *Barber* v. *Collins,* 18 R. I. 760, whereas the statute, as construed in that case, had been amended after that opinion. Section 13 now reads: "An executor or administrator *at any time during administration* may represent the estate insolvent to the probate court, and apply for the appointment of commissioners to examine and determine claims. If the probate court finds the estate is probably insolvent, and there are claims which have been disallowed, it shall appoint 1 or 3 commissioners." (italics ours) The italicized words represent the amendment to the former statute.

The appellant's appeal was duly heard by a justice of the superior court before whom evidence from some but not all of the records of the probate court was introduced. The executrix did not testify and neither the original nor any copy of the inventory was introduced. The trial justice denied and dismissed the appeal on the ground that "No proof has been offered before me as to what the estate consists of, how much assets are in it, whether the assets in the estate are greater than the amount of the claim or less than the claim, so there is nothing before me on which I can direct a finding that this estate is probably insolvent", and on the further ground that appellee's claim, which had been originally disallowed and prosecuted to trial, judgment and execution, did not have the status of a disallowed claim as contemplated by this section of the statute.

The appellant contends that the trial justice never mentioned the ground on which the probate court had denied her petition; that he could have found in the files of the superior or supreme court, in some of the other litigated cases between these parties, evidence of the inventory and that such evidence would clearly show that this estate was insolvent; and that she therefore had the right to file the representation of insolvency and to have commissioners appointed under §13.

The trial in the superior court upon the appeal was a trial

*de novo* within the limits of the reasons of appeal and we know of no rule of law or procedure which requires the trial justice to supply, by his own investigation of other cases, the evidence necessary for the moving party to establish such an appeal. The record here does not show enough of the necessary facts upon which the trial justice was required to make a determination under §13 of the statute.

But even if we assume that the trial justice could take notice of the inventory that might have been in evidence in some of the other cases, we nevertheless think that the appeal could also have been denied on another ground. It is true that the language of §13, as it now stands, states that an executor or administrator *at any time during administration* may represent the estate insolvent. But we look upon that language as directory and as not removing from the probate court the right to determine in a proper case whether such a representation was made in good faith and within a reasonable time.

When the history of the earlier statute and decided cases thereunder are considered in connection with the amended statute, it seems clear that chap. 578 was intended to fix a maximum time within which such a representation of insolvency might be filed in order to protect an administrator or executor who was acting with reasonable prudence, diligence and good faith; but that it did not contemplate the taking away from the probate court the right to determine whether such representation was filed within a reasonable time. It cannot reasonably be supposed that it was intended to give to an administrator or executor who had not acted prudently, diligently and in good faith the right nevertheless to file such representation at any time and thereby cause delay and hardship.

No reason has been advanced, beyond the mere words of the amendment "at any time during administration", to suggest any good purpose that would be served by relieving an executor or administrator entirely from the duty to file

such representation within a reasonable time after he has knowledge of the probable insolvency of the estate.

On the other hand, the general purpose of the probate statute is to promote orderly, prompt and just settlement of estates. The interpretation placed upon the statute by the appellant would be wholly contrary to such purpose and would confuse, if not conflict with, several other statutory provisions that were enacted to promote that purpose and to protect an administrator or executor who is acting prudently, in good faith, and with reasonable diligence.

We are of the opinion that, other required conditions being met, such a representation under this statute may be filed at any time during administration, but that the probate court is nevertheless entitled to determine in a proper case whether such representation is filed within a reasonable time. Therefore the appeal of the appellant was properly denied and dismissed.

The appellant's exception is overruled, and the case is remitted to the superior court for the entry of a decree affirming the decree of the probate court from which this appeal was taken.

*Charles R. Easton,* for appellant.

*George F. Treanor,* for appellee.