279 A.2d 430.

PEARL ARTIGAS, *Executrix vs.* HENRY M. MORRIS *et al.,*
*d/b/a* MORRIS & TURANO.

JULY 20, 1971.

PRESENT:. Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. On August 7, 1968, the Probate Court of the Town of Westerly entered a decree denying the plaintiff's petition to have the estate of her deceased husband declared insolvent and for the appointment of a commissioner under G. L. 1956, §33-11-24.[1] Thereafter, the plaintiff made timely appeal to the Superior Court for Washington County. After a hearing there, judgment was entered denying the

[1]Section 33-11-24 reads as follows:

"Appointment of commissioners on insolvent estates.—An executor or administrator at any time during administration may represent the estate insolvent to the probate court, and apply for the appointment of commissioners to examine and determine claims. If the probate court finds the estate is probably insolvent, and there are claims which have been disallowed, it shall appoint one (1) or three (3) commissioners."

plaintiff's appeal from the Probate Court decree. The plaintiff now appeals from the judgment of the Superior Court.

A chronological history of this case is of critical importance. On November 1, 1955, complaint was filed in the Superior Court by Henry M. Morris and Eugene M. Turano, d/b/a Morris and Turano Construction Company against Ralph O. Artigas for payment of the balance owed for the building of a house for Pearl and Ralph O. Artigas. Ralph O. Artigas died on August 7, 1963, and his widow Pearl was thereafter appointed executrix of his estate. On October 17, 1963, she filed an inventory under oath showing no personal estate.

A suggestion of death was filed on April 1, 1964, and the plaintiff executrix was substituted as a party-defendant in the Superior Court suit on that date. The case was not tried before a jury until June 1968. On June 12, 1968, while the trial was in progress, plaintiff-executrix filed a petition in the Probate Court of Westerly representing the estate as insolvent and requesting the appointment of a commissioner to hear and determine claims. Prior to a hearing on her petition, on June 18, 1968, the jury returned a verdict for Morris and Turano, and judgment was entered forthwith. On August 7, 1968, plaintiff-executrix's petition was denied by the Probate Court, and she thereafter appealed to the Superior Court.

After a hearing in the Superior Court, a decision was rendered by the trial justice wherein he pointed out that in this case he had before him a claim commenced by suit in 1955, and a petition to declare an insolvency filed in 1968. He also noted that since 1963, the executrix had possessed knowledge of both the insolvency of the estate and the existence of the claim in question. Therefore, the trial justice concluded that in his judgment, there was nothing in the evidence to excuse her failure to declare the estate insol-

vent on or before 1963. Citing *Dunlop* v. *McLaughlin,* 72 R. I. 128, 48 A.2d 254, he dènied plaintiff's declaration of insolvency and petition to appoint a commissioner. We affirm.

The plaintiff's first contention is that defendants are not parties aggrieved or proper parties to object to plaintiff's petition. However, this issue was not raised in either the Probate Court or the Superior Court. Further, plaintiff offers no supportive law or argument on this issue in her brief. We, therefore, treat plaintiff's argument under this issue as waived. *Sunny Day Restaurant, Inc.* v. *Beacon Restaurant, Inc.,* 103 R. I. 707, 241 A.2d 295.

The plaintiff's remaining argument is that since certain procedural statutes have been complied with, plaintiff's petition should be granted because of the insolvency of the estate. Further, in alleging error by the trial justice, she points to a certain factual difference between the case at bar and the *Dunlop* v. *McLaughlin* case, *supra.* We do not agree.

Under these facts, the trial justice correctly pointed out that plaintiff waited approximately five years before she attempted to file the petition in issue, and she did so while the jury was hearing the case brought against the estate by the defendants. In *Dunlop* v. *McLaughlin, supra,* at 131, 48 A.2d at 255, this court said:

> "It is true that the language of [G. L. 1956, §33-11-24, then] §13 * * * states that an executor or administrator *at any time during administration* may represent the estate insolvent. *But we look upon that language as directory and as not removing from the probate court the right to determine in a proper case whether such a representation was made in good faith and within a reasonable time.*" (Emphasis supplied.)

The general purpose of the probate statutes is to promote orderly, prompt, and just settlement of estates. *Dunlop* v.

738

*McLaughlin, supra.* A determination of what is a "reasonable time" is dependent upon the circumstances of each case, and rests within the sound discretion of the court. *Barber* v. *Collins,* 18 R. I. 760, 30 A. 796. On this record we are satisfied that the trial justice did not misconceive the facts, nor did he misapply the law.

Judgment affirmed.

*Edward M. Botelle,* for plaintiff.

*Frank S. Cappuccio,* for defendants.