Givens v. Campbell.

## GIVENS v. CAMPBELL *et al.*

1. **Equity**: RELIEF AGAINST JUDGMENT AND EXECUTION AT LAW. A court of equity will enjoin the sale of property to satisfy a judgment rendered without notice to the defendant, and upon a demand against which the defendant has a good and sufficient defense.

2. **Execution**: ON JUSTICE'S JUDGMENT: STATUTE CONSTRUED. Under section 3911, Rev., 1860, an execution cannot be issued on a judgment of a justice of the peace (not docketed in the office of the District Court) by the justice, after the lapse of five years from the entry of the judgment. This section has not been repealed.

| 20 | 79 |
| 86 | 94 |
| 20 | 79 |
| 101 | 485 |
| 20 | 79 |
| 115 | 624 |
| 20 | 79 |
| o119 | 744 |

*Appeal from Decatur District Court.*

TUESDAY, JANUARY 30.

PETITION IN EQUITY FOR RELIEF AGAINST A JUDGMENT
AND EXECUTION AT LAW. — The petition was filed July 7,
1865, and makes Campbell the constable, Patterson the
justice of the peace, and Gardner & Son, the alleged judg-
ment creditors, parties defendants. It alleges, in substance:

That on the 28th day of January, 1860, a justice of the
peace, in Decatur county, rendered a judgment in favor of
Gardner & Son, and against John D. Childers and the
plaintiff (Givens), upon which execution issued June 29,
1865, which was placed in the hands of Campbell, as
constable, who has levied upon the property of the plaintiff;
that the justice who rendered the judgment against the pe-
titioner had no *jurisdiction over his person or property,* for
the reason that the records of the justice do *not* show that
the petitioner was *served with notice,* and in fact, the peti-
tioner denies that he was served with notice; that the first
positive information he had of the pretended judgment of
Gardner & Son, was after the issuing of the execution
thereon; that the cause of the pretended claim of Gard-
ner & Son is this: the said John D. Childers executed a
note to the petitioner, due September 17, 1858, which
note petitioner indorsed or assigned, before maturity, to
Gardner & Son: This note was not protested, nor was
notice given to petitioner of its dishonor; that Childers
was then solvent, but is now insolvent, and petitioner has
therefore a good defense to the same, and the same and
the alleged judgment are still the property of Gardner &
Son. The transcript of the judgment of the justice
recites that notice issued, but does not recite that it was
served upon the petitioner, stating simply, that said notice
" was returned this 28th day [of January, 1860], and

default being made herein by *defendant* [both Childers & Givans are named as defendants in the caption of the case on the justice's docket], and said note read in evidence : it is ordered by me that Gardner & Son have recovered of defendants, Childers & Givans, the sum," &c.

It is also alleged, as grounds of relief, that the execution issued after *five years* from the date of the judgment, and that the levy by the constable was *excessive.*

Prayer for an injunction to restrain further proceedings on the execution, and for relief. To this petition the defendants demurred, and the demurrer being overruled, they excepted, and failing to answer further, the injunction was made perpetual.

Defendants appeal, and claim that the petition on its face shows no ground for relief.

*Samuel Forey* for the appellants.

*Warner, Polk* and *McHenry,* for the plaintiff.

DILLON, J. — I. Upon the averments in the petition, it is to be taken as true, that the petitioner had *no notice* of the action before the justice. If so, the judg-ment of the justice *was void*, not simply voidable. Not only does the plaintiff allege this, but he shows that Gardner & Son have no equity, as he is not legally liable to them upon his indorsement of the note. He has, therefore, upon well established principles of equity, a right to prevent his property from being seized and sold to pay an unfounded demand and a void judgment. *Piggot* v. *Addicks*, 3 G. Greene, 427 ; *Kriechbaum* v. *Bridges*, 1 Iowa, 4; Story's Eq., §§ 895, 887, *et seq. ; Ballinger* v. *Tarbell*, 16 Iowa, 491, 493 (case of *defective* service).

II. Upon another ground, the plaintiff was entitled to

*1. Equity: relief against judgment and execution.*

enjoin the execution. It was issued by the justice more

**2. EXECU-
TION: on
justice's
judgment:
statute con-
strued.**
than *five years* after the judgment. This the justice could not do, provided section 3911 of the Revision is unrepealed.

Upon a consideration of all the sections cited by the appellant, viz.: §§ 3911, 3246, 3359, 3909, 3910, and §§ 1886 and 1887 of the Code of 1851, we are of the opinion, and so hold, that an execution from a justice's judgment (not docketed in the clerk's office), cannot be issued by the justice after the lapse of five years from the entry of the judgment. In other words, no part of § 3911 of the Revision is repealed by § 3246, or the other sections above referred to.

It is not necessary to notice the question relating to the alleged *excessive levy.*

Affirmed.