INGRAHAM and others, Respondents, vs. CHAMPION, Appellant.

*January 13 — January 31, 1893.*

*Judgment: Revival on motion.*

An order for judgment, obtained on a mere motion, directing that a former judgment (soon to be barred by the statute) be renewed and revived, and that it be "docketed anew as though considered in this court this day," and that execution issue thereon "as though

said judgment had this day been rendered and entered in this court," is in effect a new judgment and is a nullity. Such a new judgment can only be obtained by an action on leave granted. R. S. sec. 2916.

APPEAL from the Circuit Court for *La Fayette* County. The facts are stated in the opinion.

For the appellant there was a brief by *Wilson & Martin*, attorneys, and *Calvert Spensley*, of counsel, and oral argument by *H. C. Martin*.

*W. E. Carter*, for the respondents, contended, *inter alia*, that the judgment was properly revived under sec. 3463, R. S. The term "civil action" in that section does not mean a *new* civil action in cases where, before the adoption of the statute, the remedy was obtained by a step taken in an existing action. The object of ch. 120, Laws of 1856 (in which the section in question was first enacted as sec. 331), was to shorten, simplify, and cheapen legal practice and proceedings. See preamble. If a new civil action is required by sec. 3463, it must of course be an action upon the judgment, for which leave of the court must first be obtained; and to obtain such leave the judgment creditor must first perform as much labor and incur practically as much expense as before the statute would have been sufficient to completely obtain the remedy desired.

ORTON, J. This is a motion (the notice thereof shortened to three days by a rule to show cause) to revive the judgment in the above case *so that it may be "a subsisting judgment*," after it has been barred by the statute of limitation of twenty years. The motion is based upon an affidavit of W. E. Carter, Esq., the attorney of the plaintiffs, which states substantially the following facts: (1) The judgment was rendered on the 7th day of December, 1870, for $685.95, and no part thereof has ever been paid, and it is still subsisting and valid, but it will expire by limitation December

7, 1890. (2) The plaintiffs have recently obtained leave of the court to issue execution on said judgment; and by virtue of said execution they have caused the interest of the defendant in certain real estate, lately devised to him in the will of his mother, lately deceased, to be levied upon and sold at execution sale by the sheriff of said county, on the 29th day of November, 1890, to the plaintiffs, at the sum due on said judgment, with costs of sale. (3) The plaintiffs cannot obtain title to said interest of the defendant in said land until the end of fifteen months after said sale; and there are doubts whether said interest could be legally sold under said execution. (4) The defendant has never had any property which could be levied on since the date of said judgment, and has none now outside of said interest. (5) It is necessary that said judgment be a subsisting judgment during said fifteen months' time of redemption, until the question of what, if any, interest the plaintiffs obtained in said real estate by said purchase at execution sale is judicially determined. The prayer is that said judgment be *revived*. Such revivor must be understood to mean a new judgment, or one that will *subsist* long after the old judgment is barred by the statute of limitation. It cannot mean that the bar of the statute should be removed, and so the court evidently understood it when it rendered its judgment on the motion. The whole proceeding is unique and anomalous, and the judgment follows it strictly. The judgment is that "it is considered, adjudged, and ordered that the said judgment be, and the same is hereby, renewed and revived; and it is further considered, ordered, and adjudged that the same be *docketed anew* as though *considered* in this court this day, and that execution may issue to collect the same, as though said judgment had this day been *rendered and entered* in this court;" dated the 5th day of December, 1890, two days only before the old judgment would be barred by the statute.

This judgment is very informal, but it is substantially, and in effect, a new judgment on the former one; and so it must be in order to *subsist* until the expiration of said fifteen months. It is not a motion to obtain an execution simply. The plaintiffs had, a short time before, obtained leave to issue an execution on motion. The proceeding is to obtain a judgment on the former one on a mere motion. The proceeding is not only unknown to any law or practice, but is in violation of law and without any jurisdiction of the court, and the judgment is a nullity. (1) To obtain a new judgment on a former one must be by an action at law, on leave of the court. Sec. 2916, R. S. The above judgment is in violation of said statute. (2) To obtain leave to issue an execution by motion under the statute (sec. 2968, R. S.) is a substitute for the proceeding at common law for the same purpose by writ of *scire facias*. *Mariner v. Coon*, 16 Wis. 468. (3) To obtain an execution on a judgment "after a year and a day," or after the time fixed by the statute (in this state five years) in which to issue an execution has expired, the appropriate proceeding was by *scire facias;* and that was the sole use of the writ on judgments. After such time has expired, the judgment was *dormant* merely, and not extinguished or barred by the statute; and the use of the writ of *scire facias* was to revive the judgment, so that an execution might issue on it. The writ constitutes the declaration to be pleaded to or answered as in other actions. It is issued by the clerk, and addressed to the sheriff, commanding him to *make known* to the defendant to come in and show, if he can, why an execution should not issue on the judgment. It is not a new action, but a continuance of the old one. Jac. Law Dict., Bouv. Law. Dict., and And. Law Dict., tit. SCIRE FACIAS; Bing. Executions, 129; 2 Freem. Judgm. 444; 1 Black, Judgm. 498; 12 Am. & Eng. Ency. of Law, 150h; *Adams v. Rowe*, 11 Me. 89; *Denegre v. Haun*, 13 Iowa, 240; *Challenor v. Niles*, 78

Ill. 78; *Gray v. Thrasher*, 104 Mass. 373; *Hatch v. Eustis*, 1 Gall. 160; *Fitzhugh v. Blake*, 2 Cranch, C. C. 37; *Murray v. Baker*, 5 B. Mon. 172; *Conyngham v. Walter*, 95 Pa. St. 85; *McRoberts v. Lyon*, 79 Mich. 25. (4) The only judgment in *scire facias* is that the plaintiff have execution, and it is error for the court to proceed to render a new judgment. 1 Black, Judgm. 498. (5) The remedy by *scire facias* is now found under the statute (sec. 3463, R. S.), which prescribes the form of the action. *Cameron v. Young*, 6 How. Pr. 372; *Humiston v. Smith*, 21 Cal. 129; *State ex rel. Att'y Gen. v. Messmore*, 14 Wis. 116. (6) The remedy by *scire facias*, and by action on the judgment to obtain a new one, are so different that a pending *scire facias* cannot be pleaded in abatement of an action on the judgment. *Carter v. Colman*, 12 Ired. Law, 274; 12 Am. & Eng. Ency. of Law, 149L.

Such are the nature and scope of these remedies, and it is very clear that the proceedings in this case are not within any one of them. The plaintiffs did not wish to merely obtain an execution, because (1) they had already obtained it by motion under the statute; and (2) because it would not continue the judgment beyond the period of limitation, or give them a new one. But, nevertheless, they obtained a new judgment on this motion, without action or leave of the court to commence an action. This is enough to show the error of this proceeding and judgment. But the plaintiffs show that their judgment has been satisfied and discharged, and they are not entitled to take any proceeding on it. They purchased the land levied on and sold in satisfaction of their whole debt and costs. "A sale of real or personal property under execution is a satisfaction of the judgment to the extent realized on it." *Halcombe v. Loudermilk*, 3 Jones (N. C.), 491; 12 Am. & Eng. Ency. of Law, 150d. "When the property of the judgment debtor has been purchased by the plaintiff himself, for the amount due, the judgment is wholly satisfied."

2 Black, Judgm. 1010; *Kleinhenz v. Phelps*, 6 Hun, 568. "A judgment which has been satisfied by payment cannot be restored or kept alive in order to secure other liabilities." 12 Am. & Eng. Ency. of Law, 150a, and note 6; *Truscott v. King*, 6 N. Y. 147; *Troup v. Wood*, 4 Johns. Ch. 228; *Peirce v. Black*, 105 Pa. St. 342.

It is somewhat difficult to determine what the final adjudication of this matter in the circuit court ought to be called. The defendant appeals from it as an *order;* but it is certainly more than a mere order to issue execution. "It is considered and adjudged that the judgment be *renewed* and revived." "It is further considered and adjudged that *the same be docketed anew* as *though rendered* in this court *this day.*" "Execution may issue to collect the same *as though* the said judgment *had this day been rendered and entered* in this court." This language clearly gives this adjudication the effect of an original and final judgment. Whatever it may be called, it was intended to *subsist* and remain a judgment in effect, after the former judgment was barred by the statute.

*By the Court.*— The order and judgment of the circuit court appealed from is reversed, and the cause remanded with the direction to dismiss the petition and proceedings.