National Bank of Oshkosh vs. Davis and another.

---

NATIONAL BANK OF OSHKOSH, WISCONSIN, Respondent, vs. DAVIS and another, Appellants.

*May 26 — June 23, 1898.*

*Limitation of actions: Nonresidents.*

·Under sec. 4231, R. S. 1878 (providing that if, when a cause of action accrues against any person, he shall be out of the state, an action may be commenced thereon within the statutory time "after such person shall return to or remove to this state; but the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, *neither* the party against or in favor of whom the same shall accrue, is a resident of this state"), the statutes of limitation do not run in favor of a nonresident, so long as he continues to reside outside of this state, where, at the time the cause of action accrues, the party in whose favor it accrues is a resident ·of this state.

APPEAL from a judgment of the circuit court for Iron county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action for the recovery of a money demand for $941.88, for goods, wares, and merchandise sold and delivered by the firm of Hoxie & Mellor to the defendant between July 18 and August 30, 1890. Said amount became due and payable on or about September 1, 1890, and no part thereof had been paid except $242.68, paid on or before the last-named date. On said last-named day, Hoxie & Mellor sold and assigned the account therefor to the plaintiff, of which the defendants had due notice. There was a second count upon an account stated, October 15, 1894, at Ironwood, Michigan, between the plaintiff and the defendants, and upon such statement a balance of $699.20, with interest thereon from September 1, 1890, was found to be due from said defendants to the plaintiff, which the defendants then and there promised to pay, but no part thereof had been paid. The defendants pleaded in bar the six-years statute of limitations (sec. 4222, ch. 177, R. S. 1878); that more than six years had elapsed since the said indebtedness was contracted and became due and payable or any part thereof had been paid; and pleaded said statute and facts as a defense, as well as a general denial to the said cause of action.

At the trial the plaintiff produced evidence tending to establish the following facts: During the summer of 1890 the firm of Hoxie & Mellor, a copartnership, owned and operated a lumber yard in the city of Ironwood, state of Michigan. While so operating said lumber yard in the city of Ironwood, they sold and delivered to the above-named defendants, who constituted the firm of Davis & Fehr, at the city of Ironwood, Michigan (where said defendants *Davis* and *Fehr* both resided at that time and carried on their business), goods, wares, and merchandise of the value of $941.88, and, during the same summer of 1890, $242.68 was paid on said account by the defendants, and the balance of said account of $699.20 became

due and payable September 1, 1890. On September 1, 1890, the firm of Hoxie & Mellor made an assignment, for a valuable consideration, of said claim to the *National Bank of Oshkosh, Wisconsin,* a corporation organized under the banking laws of the United States, and the plaintiff in this case. After said assignment of said claim to said bank, the bank sent the claim to Michigan attorneys for collection, but no suit was had relative thereto. No payment was made on account of this claim after September 1, 1890. The said Hoxie & Mellor, at the time of the sale and delivery of said goods, wares, and merchandise to the defendants, were both residents of the state of Wisconsin, and have ever since remained residents thereof. The plaintiff at all of said times was, and ever since had been, a resident of the state of Wisconsin.

The plaintiff thereupon rested. The defendants moved for a nonsuit, on the ground that the action had not been commenced within the time limited by law; but the motion was denied. Defendants produced witnesses who testified, in substance, that the defendants, *Joseph Davis* and *Frederick Fehr,* in the summer of 1890, were copartners in the dry-goods business in the city of Ironwood, Michigan; that both of them were then residents of the state of Michigan, and had continually since that time up to the present resided in that state. The defendants moved the court to direct the jury to find a verdict in their favor, but the motion was denied. The plaintiff moved that the jury be directed to bring in a verdict against the defendants for $699.20, with interest from September 1, 1890, and the court directed the jury accordingly, and they found a verdict for the plaintiff for $999.95. The defendants moved to set the verdict aside, and for a new trial; but this motion was denied, and judgment was entered on the verdict in favor of the plaintiff and against the defendants, from which the defendants appealed.

For the appellants there was a brief by *Austin & Fehr,* of counsel (to which was appended the trial brief of *John D.*

*Barry*, who died since the appeal was taken), and the cause was argued orally by *W. H. Austin.*

For the respondent the cause was submitted on separate briefs signed by *George C. Foster*, attorney, and *Ball & Ball*, of counsel.

PINNEY, J. The cause of action upon which the plaintiff seeks to recover accrued, it is conceded, September 1, 1890. This action appears to have been commenced as against the defendant *Davis* July 2, 1897, and as against the defendant *Fehr* July 14, 1897, a period as to these defendants of more than six years after the cause of action accrued. The action as to both of the defendants appears to fall within the purview of sec. 4231, R. S. 1878, and to be barred unless this result is avoided by the fair meaning and effect of that section, which provides that " if, when the cause of action shall accrue against any person, he shall be *out of this* state, such action may be commenced within the terms herein respectively limited, after such person shall return to or remove to this state. But the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, *neither* the party against or in favor of whom the same shall accrue, is a resident of this state; and if, after a cause of action shall have accrued against any person, he shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." The question is whether, during the statutory period of limitation, the defendants removed to, and resided within, this state, so as to be subject to the jurisdiction of our courts. This is the substance and effect of the adjudicated cases. *Whitcomb v. Keator*, 59 Wis. 609; *Larson v. Aultman & Taylor Co.* 86 Wis. 281; *Parker v. Kelly*, 61 Wis. 552.

The first clause of sec. 4231, R. S. 1878, provides that the limitation fixed by sec. 4222 shall not run in favor of persons

National Bank of Oshkosh vs. Davis and another.

out of the state. This clause, however, is limited in its operation by the clause immediately following, and the question is whether that clause applies to this case. It provides: "But the foregoing provision [that is, the first clause of sec. 4231] shall not apply to any case where, at the time the cause of action shall accrue, *neither* the party against or in favor of whom the same shall accrue, is a resident of this state." In other words, the nonresidence of the defendant from the state at the time the cause of action accrued shall not prevent the statute from running if *neither* the party in whose favor the cause of action accrued nor the party against whom it accrued then resided in this state. Hoxie & Mellor, at the time the cause of action accrued in their favor, as well as the bank, their assignee, resided in this state, and continued to reside therein; so it cannot be said that at that time *neither* the party in whose favor nor the party against whom the cause of action accrued resided in this state. It is clear, therefore, that the cause of action upon which the suit is founded was not barred, and that the right of the plaintiff to bring the action and recover the amount due is saved by the express words of the statute. The effect of the statute is evidently to preserve to residents of this state their rights of action against nonresident debtors so long as they remain such, and until six years after they return to or become residents of the state. Nonresidents coming within the state may be subjected to the jurisdiction of its courts, and actions may be brought to enforce demands against them; and such rights of action continue against them unaffected by the statute of limitations, so long as they neither remove to nor reside in this state. In the instant case, Hoxie & Mellor and the plaintiff, as already stated, were residents of this state at the time the cause of action accrued, as was the plaintiff bank at the time of the assignment of the demand to it, and have ever since remained residents of this state. It was the intention of the statute to preserve to residents of the state

the protection of its laws, which say, in effect, that the statute limiting the time for the commencement of actions shall not run in favor of a debtor who resides out of the state when, as in this case, the party in whose favor the cause of action accrued was at that time a resident thereof.

For these reasons, we think that the statute had not barred the cause of action, and that the recovery was right.

*By the Court.*— The judgment of the circuit court is affirmed.