Brown vs. Hopkins.

BROWN, Appellant, vs. HOPKINS, imp., Respondent.

*November 28, 1898 — January 10, 1899.*

*Sale on execution: Statute of limitations.*

An execution which is duly issued and partially executed by levying upon property within twenty years from the entry of a judgment does not expire at the end of the twenty-year period under the lim-

Brown vs. Hopkins.

itation of sec. 4220, R. S. 1878, but remains valid and effective, so that the property levied upon may be afterward sold and applied to satisfy the command of the writ. The sale and application of proceeds are not proceedings on the judgment, within the prohibition of sec. 2968, R. S. 1878, nor are any other proceedings by the court required in order to perfect the title of the purchaser. MARSHALL, J., dissents.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

*E. G. Jones,* for the appellant.

*Lyman E. Barnes,* for the respondent.

WINSLOW, J. The plaintiff owned a judgment against the defendant *Hopkins,* which was rendered December 10, 1877. On the 3d of December, 1897, execution was issued upon said judgment, by leave of court; and on the following day a levy was made upon certain real estate, and the same was advertised to be sold on the 31st of January, 1898. Motion was made by the defendant on the 17th of January, 1898, to vacate the execution and levy and all proceedings thereunder; and, upon the hearing, said motion was granted, whereupon the plaintiff appeals.

The question is whether an execution which is duly issued and partially executed by levying upon property within twenty years from the entry of a judgment expires at the end of the twenty-year period, or whether it remains valid and effective, so that the property so levied upon may be thereafter sold and applied to satisfy the command of the writ. Our statute provides (R. S. 1878, sec. 4220) that a judgment of a court of record outlaws at the end of twenty years from the date of its rendition; and, further (R. S. 1878, sec. 2968), that "in no case shall an execution be issued, *or any proceedings had on any judgment,* after twenty years from the time of the rendition thereof." It is very evident from this latter section that a valid execution may

Brown vs. Hopkins.

be issued at any time up to the last day of the twenty years; and the question is whether, when so issued, it is rendered void by the limitation upon the judgment. Our statute requires no order of confirmation of the sheriff's sale, nor any other proceeding by the court, to perfect the purchaser's title. No further *proceedings upon the judgment* are contemplated or required by the statute. The sale of the property by the sheriff, and the payment or application of the proceeds, are simply the carrying out of the commands of his writ, which, when issued, was perfectly valid. If these acts can be called "proceedings" at all, they are strictly proceedings upon the execution, and not upon the judgment. Any other construction would practically interdict the issuance of an execution to be levied upon real estate for nearly a year and a half prior to the expiration of the twenty-year limitation, because the sheriff must advertise the sale for six weeks, and the time of redemption (fifteen months) must be allowed to expire before the sheriff can make a deed to the purchaser. R. S. 1878, secs. 2993, 3001, 3007, 3017. No such result was contemplated by the statute, nor do we think that the words of the statute require such a construction. Our conclusion is that the sheriff could complete the execution of his writ after the expiration of the twenty years, and hence that the execution and levy were wrongly set aside. The case of *Ingraham v. Champion,* 84 Wis. 235, was much relied on in support of the order, but the case is plainly inapplicable. In that case it was decided that a new judgment could not be obtained by motion in the old action, but only in a new action upon leave granted.

*By the Court.*— Order reversed.

MARSHALL, J. (*dissenting*). I think the limitation statutes mean that no proceedings of any kind, by execution or otherwise, shall be taken to enforce a judgment after the expiration of twenty years from its rendition; that the expiration

of the limitation period extinguishes the judgment the same as a payment of it, leaving no foundation upon which an execution thereon can rest. The idea that an execution, a mere means for collecting a judgment, can have life after the judgment itself shall have been destroyed, is to the writer a most novel and unreasonable proposition.

The necessity usually existing in writing a dissenting opinion, of attempting to clear away the case made by authorities on the other side of the controversy, does not exist here. That lightens my labor. It will be observed that my brethren do not ground their position on authorities. None was cited by the appellant. None was discovered by the learned judge who wrote the opinion of the court. None by those who concur therein. The writer has not been able to discover any. That all probably results from the fact that no authorities exist. In that situation, the decision of the court has the merit of meeting the question fairly and deciding it on the language of the statute, supported only by reasoning from seemingly false premises.

Sec. 4220, R. S. 1878, limits actions upon judgments to twenty years, and sec. 2968, R. S. 1878, provides that, "in no case shall an execution be issued, or any proceedings had upon any judgment, after twenty years from the time of the rendition thereof." As indicated above, the expiration of the period of limitation extinguishes, and for all purposes ends, the life of the obligation affected by it. That is the settled rule of this court. *Brown v. Parker*, 28 Wis. 21; *Sprecher v. Wakeley*, 11 Wis. 432; *Knox v. Cleveland*, 13 Wis. 245; Freeman, Executions, § 27a. That of itself would seem decisive of this case.

The court reasons that the issuance of the execution and proceedings thereon are independent of proceedings on the judgment strictly so called; that when an execution shall have issued, the enforcement of it is a proceeding on the execution, not on the judgment. That seems unreasonable in

view of the fact that no proceedings upon a judgment could have been in legislative contemplation other than by execution, except an action upon the judgment, and that is covered by sec. 4220, R. S., limiting such an action to twenty years. The two sections of the statutes make a complete scheme of limitations as to judgments, framed with scrupulous care to effectually destroy and end a judgment after the creditor shall have had a period of twenty years to enforce it. Freeman, Executions, § 29.

The reasons given by my brethren for the conclusions reached are inexplicable to me. It is said that unless such conclusion be correct, no execution against real estate can be made effective unless issued nearly a year and a half before the expiration of the twenty years, because the sheriff must advertise the sale for six weeks, and then there is the fifteen months allowed for redemption which must expire before the sale can be fully consummated by deed to the purchaser or his assignee. That suggestion shows, I assume, the principal reason for the decision of the court. The assumed result of a construction of the statute contrary to that reached by the court, was deemed so out of harmony with good reason as to warrant a conclusion that the legislature did not intend it, and it was considered that the language of the section admits of a different and more reasonable construction. Remove the premises upon which the reasoning referred to is based, and the decision must necessarily fall as a result. Now it is not true that there must be a subsisting judgment during the period of redemption. Further, it is not possible that there should be such a subsisting judgment. The sale to satisfy the judgment is inconsistent with its remaining unsatisfied for any length of time after the sale. A sale of real estate on an execution, for the amount called for by it, satisfies it and satisfies the judgment as well. This court has decided that question and it is elementary. *Ingraham v. Champion*, 84 Wis. 235.

There it will appear that the court held that no proceedings were proper to revive or renew a judgment after a sale to satisfy it, because there was nothing left for the proceedings to rest upon. There was no longer any judgment or any basis for a judgment. The deed that follows the sale on execution is based on the sale, not in any sense on the judgment, except as of the time of the sale itself. The sale and issuance of the certificate fix absolutely the rights of the purchaser. That is deemed to be elementary, and to have been overlooked. A judgment can no more exist after a sale for enough to pay it, than the execution can exist after the satisfaction of the judgment. They are mutually dependent upon each other. Benjamin, Sales (6th ed. 1892), 37, note; Freeman, Executions, § 478. Further on the subject before treated, that no proceeding to collect a judgment can be had on execution after the judgment shall have been extinguished, see *Kennedy v. Duncklee*, 1 Gray, 65; *Laval v. Rowley*, 17 Ind. 36; *State ex rel. Wilber v. Salyers*, 19 Ind. 432; *Wood v. Colvin*, 2 Hill, 566.

Thus, it will be seen that it is only necessary that a judgment should live for a period of about six weeks after the issuance of an execution in order to allow a valid sale to be made within the life of the judgment — not a year and a half,— so the significant reason advanced by my brethren, for the construction of the statute adopted, disappears.

Having now shown that the running of the statute of limitations upon a judgment extinguishes it, that there can be no proceeding on an execution issued on a judgment after it shall have been extinguished, and met successfully the chief and only reason for the decision dissented from, I will review briefly authorities elsewhere on the general and kindred subjects, and let that close this opinion.

In the first place I will refer to *Ingraham v. Champion*, 84 Wis. 235. That is of far greater significance, it would seem, than my brethren attribute to it. The sale there was

made just before the expiration of the twenty years. There was a question as to whether the land was subject to sale for the payment of the judgment. The purchaser desired to test that question within the life of the judgment, so that if the sale should prove fruitless the judgment might still stand as a valid indebtedness. There is where the idea is suggested, of the necessity of a judgment being kept alive during the period of redemption, because, as it was said, the purchaser at the execution sale could not be in a position to test the question of whether he really obtained anything or not by the sale till the expiration of the period of redemption and the obtaining of a deed upon which proceedings could be instituted. The idea was advanced by the parties who wished to keep the judgment alive, and in reply to that the court said that the sale extinguished the judgment; it left nothing to be kept alive; the execution did not continue the judgment beyond the period of twenty years from its rendition. True, my brethren are not affected by that, necessarily, because they say that though a judgment be necessary to the issuance of an execution, it is not necessary to the continuance of the life of the execution; that having been given life, it continues notwithstanding that upon which its validity depends has been removed. But as has been shown, the settled law is that an existing judgment is absolutely necessary to a sale on execution, hence when the court decided that an execution cannot extend a judgment beyond the twenty-year limitation of its life, it decided just as clearly that a sale of real estate under an execution must take place within the statutory period if at all. That rule would not necessarily apply to a levy upon personal property made within the twenty-year period, but not realized on till afterwards, because in that case, by the weight of authority, it is the levy that satisfies the judgment conditionally, not the sale. In case of real estate there is no levy. Everything after the period of ten years from the date of the judgment, that

being the time when the lien of the judgment itself terminates, depends on the sale, and nothing passes except the interest of the judgment debtor, to which the judgment itself can attach at the instant of the sale. Then there must exist, first, a valid subsisting judgment; second, an interest of the debtor in the land which is the proposed subject of sale; third, a valid execution and valid proceedings thereunder. *Collins v. Smith*, 75 Wis. 392; *Shafer v. Phœnix Ins. Co.* 53 Wis. 361; *Hammel v. Queen's Ins. Co.* 54 Wis. 72.

The opinion might well rest alone on *Ingraham v. Champion*, 84 Wis. 235, and *Collins v. Smith, supra.* If they decide anything at all they decide that it takes an existing valid judgment to support an execution sale, and that by the sale the judgment is extinguished. Necessarily, if such be the case, there can be no sale to extinguish a judgment already extinguished by some other means.

Attention to the holdings elsewhere shows that the rule is universally recognized that an execution neither extends nor revives a judgment. There are many such cases. I refer to a few of them: *Mullikin v. Duvall*, 7 Gill & J. 355; *Johnson v. Hines*, 61 Md. 122; *Davis v. Ehrman*, 20 Pa. St. 256; *Isaac v. Swift*, 10 Cal. 71; *Bagley v. Ward*, 37 Cal. 121; *Rogers v. Druffel*, 46 Cal. 654. Such cases are all to the effect that an execution is a mere means of collecting the judgment or enforcing the judgment lien, and that a sale passes only such interest as attaches to the subject of the sale under the judgment at the time of the sale; that the execution of itself does not create a lien, or extend a lien, or support a sale. In *Bagley v. Ward, supra*, the court said, in substance, that the issuance of an execution and levy thereunder neither extends an old lien nor creates a new one; that the sale carries to the purchaser just such interest as may be represented by a then existing judgment. It is held that an execution does not affect the judgment, basing the doctrine on the ground that the opposite rule would operate

Ryan vs. Chicago & Northwestern R. Co.

to extend the judgment lien beyond the statutory period. That same reasoning applies very forcibly to the idea that an execution can extend the judgment itself beyond the statutory period.

To recapitulate: First, the expiration of the limitation upon proceedings to enforce a judgment or to renew it, extinguishes it; second, an execution dies with the extinguishment of the judgment upon which it was issued; third, a subsisting judgment is necessary at the instant of the sale of realty upon an execution, but is extinguished by the sale; fourth, after the sale of realty upon execution, the right of the purchaser is referable to the certificate of sale, not to a subsisting judgment after the sale; fifth, as there can be no sale after the judgment shall have been extinguished, the sale in question was void as held by the circuit court, and the judgment appealed from should be affirmed.