De Fyn and others, Appellants, vs. Power and wife, Respondents.

*April 3—April 30, 1918.*

*Service of summons by publication: Defective order: Action to set aside conveyance procured by fraud: Dismissal: Notice of lis pendens.*

1. An order for service by publication directing that "plaintiffs or their attorneys deposit a copy of the summons and complaint in the above entitled action, be sent to the last known address of the defendants, if the same can be ascertained, and if not, a mailing of a copy of the summons and complaint to be omitted," was fatally defective under sec. 2640, Stats., there being a substantial failure to comply with statutory requirements jurisdictional in their nature.

2. Where the proceedings in an action to set aside a conveyance of land alleged to have been procured by fraud were regular up to and including the filing of notice of *lis pendens*, defects in an order for service by publication, while they may require, the setting aside of such service, do not require the dismissal of the action, since a new and valid order of publication may be procured.

APPEAL from an order of the circuit court for Juneau county: W. B. QUINLAN, Judge. *Affirmed in part; reversed in part.*

This action was brought to cancel and set aside a certain deed conveying real estate in Juneau county, alleged to have been procured by fraudulent means. Defendants were nonresidents and service by publication was attempted. In the order for publication of the summons it was ordered "that plaintiffs or their attorneys deposit a copy of the summons and complaint in the above entitled action, be sent to the last known address of the defendants, if the same can be ascertained, and if not, a mailing of a copy of the summons and complaint to be omitted." This order was dated December 6, 1915. The summons was published in the Mauston Star, as provided by the order, the last publication being

on the 20th day of January, 1916. The defendants did not appear. Proof of the allegations of the complaint was made in the circuit court on the 24th day of April, 1916, resulting in a judgment bearing date May 31, 1916, in favor of the plaintiffs, vacating and setting aside the conveyance complained of. On November 24, 1916, defendants' attorneys appeared specially in the action and served notice of motion for an order "setting aside and vacating the service of the summons herein and that this action be dismissed," on the grounds that the affidavit for and order of publication were defective. As a result of this motion an order was entered on January 13, 1917, "that the service of the summons and complaint in the above entitled action be and the same is hereby set aside; that the action be dismissed, and that the defendants recover ten dollars costs of this motion." From this order plaintiffs appealed.

For the appellants there was a brief by *F. A. Wheelihan* of Neenah and *Clinton G. Price* of Mauston, and oral argument by *Mr. Price.*

*Frank H. Hanson* of Mauston, for the respondents.

OWEN, J. The order of publication was fatally defective. Sec. 2640, Stats., provides that the order shall (1) direct that service of the summons be made by publication, etc.; (2) that on or before the day of the first publication the plaintiff deposit in a specified postoffice a copy of the summons and complaint addressed to the defendant at his postoffice, to be therein named; or, (3) a direction that such deposit may be omitted because the defendant's postoffice address cannot be ascertained. It will be seen that with reference to the mailing of the summons and complaint the order must contain one of two directions. If the postoffice of the defendant is known, then the order must direct that the summons and complaint be deposited in a specified postoffice, addressed to the defendant at his postoffice address.

If his address cannot be ascertained, then the order must, in express terms, direct that such deposit may be omitted because the defendant's postoffice address cannot be ascertained.

The order in this action directed that "plaintiffs or their attorneys deposit a copy of the summons and complaint in the above entitled action, be sent to the last known address of the defendants, if the same can be ascertained, and if not, a mailing of a copy of the summons and complaint to be omitted." Clearly this is a glaring and substantial failure to comply with statutory requirements jurisdictional in their nature. *O'Malley v. Fricke,* 104 Wis. 280; 80 N. W. 436.

While the service of the summons and complaint was properly set aside, no reason is perceived why the action should be dismissed. The action was brought to set aside a fraudulent conveyance of real estate. The summons and complaint were delivered to the sheriff, who returned that the defendants could not be found within the state of Wisconsin. The summons and complaint were then filed with the clerk of the court and a notice of *lis pendens* was filed in the office of the register of deeds. Up to this point there were no irregularities in the proceedings. No reason is perceived why the plaintiffs cannot, upon the summons and complaint already filed, procure a valid order of publication and complete service upon the defendants. If the notice of *lis pendens* has served to frustrate the defendants' alleged scheme to defraud plaintiffs of their lands, it should not be made inefficacious by a dismissal of the action. While writs of attachment were set aside under similar circumstances in *Cummings v. Tabor,* 61 Wis. 185, 21 N. W. 72, and *Anderson v. Coburn,* 27 Wis. 558, the considerations justifying that course do not require the dismissal of the action here. The execution of a writ of attachment constitutes an interference with property rights. If the writ is void the interference is unlawful. To continue its validity, service in the principal action must be made within a reasonable time. Obviously,

an action brought to preserve plaintiff's property rights from loss through fraudulent machinations is entitled to more considerate treatment. The order should be affirmed so far as it sets aside the service of the summons and complaint and reversed in so far as it dismisses the action.

*By the Court.*—That portion of the order setting aside the service of the summons and complaint is affirmed, and that part of the order dismissing the action is reversed. Appellants to recover costs in this court.