RAUCH, Appellant, vs. BENSMAN, Respondent.

*October 9—November 5, 1929.*

For the appellant there was a brief by *Arnold C. Otto*, attorney, and oral argument by *Mr. Otto* and *Mr. Benjamin W. Heald*, of counsel, both of Milwaukee.

For the respondent there was a brief by *Harvey Schoenfeld*, attorney, and *Charles D. Ashley*, of counsel, both of Milwaukee, and oral argument by *Mr. Ashley*.

OWEN, J.   This action was brought to recover an amount due on open account.   The answer pleaded the statute of limitations.   The account was for merchandise sold by the plaintiff to the defendant between the 20th day of December, 1906, and the 16th day of March, 1925.   However, there was no charge made against the defendant between the 5th day of March, 1910, and the 16th day of March, 1925, a period of about fifteen years.   There were no payments made on the account between February 26, 1910, and July 30, 1925.   On March 16, 1925, there was a charge of $177.50 against the defendant.   Between July 30, 1925, and October 13, 1926, both inclusive, defendant is credited with the aggregate of $177.   The issue litigated in the civil court

was whether the payments made on and subsequent to July 30, 1925, were properly credited on the old account. Upon ample testimony the civil court found that the defendant agreed that the payment of $100 made on July 30, 1925, was to be applied on the old account, and that he also at said time promised and agreed to pay the balance of said old account.

The judgment of the civil court could not be reversed by the circuit court in the absence of substantial error or unless it was against the fair preponderance or great weight of the evidence. *Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W. 879; *Mechanical A. Co. v. A. Kieckhefer E. Co.* 164 Wis. 65, 159 N. W. 557; *Harper v. McMahon,* 167 Wis. 388, 167 N. W. 431; *Foster v. Bauer,* 173 Wis. 231, 180 N. W. 817. In reversing the judgment of the civil court the circuit judge said:

"Upon the trial of the case in the court below, it is manifest that all parties overlooked certain testimony which was received, which, to my mind, has an important bearing on the issues in the case. It is undisputed that the original account was against the defendant individually. On the other hand, it appears from the testimony of the defendant's son that he and his father were partners in the business at the time of the new transaction. This fact is further indicated by the invoice for the goods sold in 1925 and by the checks issued for the same. The liability on the new account was therefore that of the partnership and not that of the defendant as an individual, and in rendering judgment the civil court erred in granting judgment against the individual for the balance due on the old and new accounts less credit for the payments made in 1925. This error could be corrected by this court upon this appeal if it were not for the fact that this evidence is an important circumstance to be considered in determining whether or not defendant agreed to have the payment of $100 applied on the old account. These hundred dollars constituted partnership funds, and it can be argued with much force that defendant had no right, and in fact never agreed, to have it applied on his individual account."

The bill of particulars furnished the defendant included

all of the items of both the old and new accounts. The answer simply denies that the defendant is indebted to the plaintiff on the old account, sets up the statute of limitations as a bar to that portion of the account, and denies that he is indebted upon the new account. At no time during the trial did the defendant claim that he was not liable for the new account. His claim was that the payments made on and subsequent to July 30, 1925, paid and settled that account, and he denied that he ever agreed that such payments might be applied on the old account.

As before stated, the question of whether such payments were to be applied on the old or new account was the only question litigated. Neither by his pleadings nor his evidence did the defendant deny his individual liability for the new account. The casual statement of the defendant's son that he was a partner of his father was not sufficient to raise the issue of whether the new account was an indebtedness of the defendant. Furthermore, this record does not affirmatively disclose that the old account ever was outlawed. The old account was incurred while the defendant was in business at Peoria, Illinois. While it appears that in 1925 he was in business in Milwaukee, it does not appear when he removed to Wisconsin, or how long he had been in Wisconsin, so that service of process might have been made upon him. The statute of limitations runs only during the time that the debtor is present in the state so that service of process may be made upon him. Sec. 330.30, Stats.; *Whitcomb v. Keator*, 59 Wis. 609, 18 N. W. 469; *Estate of Gilbert*, 167 Wis. 291, 298, 166 N. W. 442, 167 N. W. 447.

The proceedings of the civil court disclose no error justifying a reversal of the judgment of that court by the circuit court. The order appealed from, therefore, must be reversed.

*By the Court.*—Order reversed, and cause remanded with instructions to affirm the judgment of the civil court.