STANLEY C. HANKS COMPANY and another, Appellants, vs. SCHERER, Respondent.

*April 3—May 8, 1951.*

For the appellants there were briefs by *Aberg, Bell, Blake & Conrad* and *George Blake,* all of Madison, and oral argument by *Mr. Blake.*

*Lowell T. Thronson* of Madison, for the respondent.

FAIRCHILD, J. Motion to dismiss the appeal is denied. The orders are appealable.

Stanley C. Hanks Company owned a judgment against one George Scherer. The judgment was rendered March 3, 1928. While the judgment was still unsatisfied it was assigned, on March 12, 1946, to D. J. Benedict. No execution was issued upon said judgment. The only proceeding taken by the owner of the judgment was in the county court of Dane county, and in that proceeding, on July 28, 1938, the following order was granted with conditions as follows:

"Wherefore, it is ordered, That said remainder interest of George Scherer in said trust held by the Madison Trust Company be and hereby is declared subject to the lien of said

judgment, and that the said Madison Trust Company shall make no distribution of the principal of said trust fund without first satisfying or procuring the satisfaction of said judgment of Stanley Hanks Company against George Scherer, docketed in Volume R of Judgments on page 271 in the circuit court for Dane county and that the final judgment in said estate dated July 8, 1935, be and hereby is so modified."

Thereafter no action was taken, no execution issued, nor were any proceedings had upon the judgment until after the expiration of twenty years from the time of its rendition. On September 23, 1950, the said Benedict asked to be substituted as plaintiff in the original action and for the right "to sue over upon said judgment." This petition was denied September 29, 1950, and an order entered discharging said judgment of record.

In the appeal there are several approaches to the main question here involved, but all questions raised by the parties relate to the present existence of active energy in the judgment entered in favor of Benedict's predecessor in title, the Stanley C. Hanks Company, and against the respondent. The decision below, on September 29, 1950, that the judgment rendered March 3, 1928, "was satisfied in full and discharged of record and the debt predicated thereon extinguished" must be sustained.

The language of sec. 272.04, Stats. 1949, is positive, and the statute has been interpreted in accordance with that language. In 1878 the statute, then numbered sec. 2968, read: ". . . in no case shall an execution be issued, or any proceedings had upon any judgment, after twenty years from the time of the rendition thereof." *Sprecher v. Wakeley,* 11 Wis. *432; *Knox v. Cleveland,* 13 Wis. *245; *Brown v. Parker,* 28 Wis. 21. Statutes in different states may treat the existence of an ancient judgment differently. However, "statutes providing a time after which no execution may issue interpose an insuperable obstacle to any further pro-

ceeding for the enforcement of the judgments subject thereto. If, after the expiration of the time within which a writ may issue, one is in fact issued, the case presented does not involve an irregularity in the exercise of a conceded power, but an absence of such power." In those cases the belated proceedings "must be regarded as absolutely void." 1 Freeman, Executions (3d ed.), pp. 107, 108, sec. 29; *Givens v. Campbell*, 20 Iowa, 79; *Cortez v. Superior Court*, 21 Am. St. Rep. 37; *Dorland v. Smith*, 93 Cal. 120; *Scammon v. Swartwout*, 35 Ill. 326, 344; *Merchants' Nat. Bank v. Braithwaite*, 66 Am. St. Rep. 653.

There is no dispute but that the judgment debtor was absent from the state when the judgment was entered. It is conceded that a cause of action upon the judgment accrued to the owner of the judgment at that time, March 3, 1928. "Generally, the time for the commencement of the period of limitations in regard to actions on judgments is the date of the original judgment." 31 Am. Jur., Judgments, p. 344, sec. 846; see also 50 C. J. S., Judgments, p. 427, sec. 854. It is the contention of the appellant that the statute of limitations applying to judgments was tolled by the absence from the state of the respondent. The statute, sec. 272.04, Stats. 1949, however, applies to the life of the judgment, regardless of the residence or presence of the judgment debtor within this state. Under that statute the judgment has been extinguished.

A cause of action accrued to the judgment creditor upon the entry of the judgment, but the right, the essential element of that cause of action, is so tied up to and involved in the life of the judgment that the cause of action is limited solely to confirming or enforcing the judgment. It is not independent of the judgment and is not a self-sufficient right. It can never rise in effectiveness or worth beyond the source of its energy, to wit, the judgment. Our rule does not leave the matter so that the judgment may be treated as a continuing right, giving a cause of action such as may be subject to

the terms of sec. 330.30, Stats. 1949. That section provides for a tolling of the limitation for beginning an action in case of absence of the debtor from the state, but it does not set aside or repeal or modify the law as expressed in sec. 272.04, which reads:

"272.04 *Execution, when issued.* (1) Upon any judgment of a court of record perfected as specified in section 270.66 or any judgment of any other court docketed in a court of record, execution may issue at any time within five years after the rendition thereof, and when an execution shall have been so issued and returned unsatisfied in whole or in part other executions may issue at any time. But if no execution was issued within said five years it shall issue only upon leave of the court or a judge when the sum still due on the judgment shall be made to appear by the affidavit of the owner, his agent, or attorney; *but no execution shall issue or any proceedings be had upon any judgment after twenty years from the rendition thereof.*"

Wisconsin adheres to the rule that statutory limitations upon judgments operate to extinguish the debt when the time limit has expired. Therefore in this case the necessary right of appellant does not fall within the classification of causes of actions under the limitation of the rule provided for in sec. 330.30, Stats. 1949, and to which the interdiction in sec. 272.04 does not apply. Here the judgment is extinguished, the debt is satisfied, and with it has gone the cause of action.

It is true that there was a proceeding in the county court under sec. 318.08, Stats. 1949, and it follows that the lien once created would endure until the rights secured thereby have ceased to exist. Here the judgment creditor secured a lien upon an inheritance to become the property of the judgment debtor on the death of his mother, and the remainder that was to fall to the judgment debtor was to be held by the trustee subject to the lien of said judgment. While sec. 318.08 provides a scheme for creating a lien, the nature of

the lien here is such that it is dependent upon the continued existence of the judgment. The owner of the judgment did nothing further in support of or on account of the judgment or the lien until after the time of expiration had passed. Just what considerations may have prompted the owner of the judgment to prefer simply a lien as security rather than a proceeding by way of execution or action do not appear. In *Brown v. Hopkins,* 101 Wis. 498, 77 N. W. 899, 77 N. W. 1118, an execution was by leave of court issued a few days before the fulfilment of the twenty years of life for the judgment had come to pass. It was there held that the sale under the execution could proceed. We do not find it necessary here to re-examine the questions raised in that case, but an execution properly issued and promptly pursued differs decidedly from a neglected and expired lien as in this case. Here there was a remedy under the lien available to the judgment creditor against the property upon which he had his lien under the case of *Pennoyer v. Neff* (1877), 95 U. S. 714, 24 L. Ed. 565, cited in *Schultz v. Schultz,* 256 Wis. 139, 40 N. W. (2d) 515. The life of the lien as security for the satisfaction of the judgment under the circumstances here presented was not protracted beyond its dependency upon the existence of the judgment. It falls with the judgment. No right necessary to a cause of action in the appellant remained. This requires the affirmance of the orders of the circuit court.

*By the Court.*—Orders affirmed.

GEHL, J. (*dissenting*). From the stipulation of the parties it appears that "from prior to service of the summons in this action [that resulting in the judgment here involved] and until 1946, the defendant, George Scherer, was a *bona fide* resident of the state of Texas," he was out of this state.

Sec. 330.30, Stats., provides:

"If when the cause of action shall accrue against any person he shall be out of this state such action may be com-

menced within the terms herein [the chapter containing the statute of limitations] respectively limited after such person shall return or remove to this state. . . ."

The statute in express terms is made to apply to every cause of action which the chapter on limitations aims to limit, and applies to judgments as well as other causes of action. Its effect and purpose is to preserve to Wisconsin residents their rights of action, including those based upon judgments, against nonresident debtors so long as they remain outside the state and beyond the reach of our courts.

The statute is not open to construction. Its purpose and effect are stated clearly and without ambiguity, and means that,—

"If a party in whose favor a cause of action accrues is a resident of the state at the time of the accrual of the cause of action and the debtor is a nonresident, the statute does not run in favor of the nonresident while he continues to reside out of the state. *Nat. Bank v. Davis,* 100 Wis. 240, 75 N. W. 1005." *Estate of Gilbert,* 167 Wis. 291, 298, 167 N. W. 447.

And that,—

"The statute of limitations runs only during the time that the debtor is present in the state so that service of process may be made upon him." *Rauch v. Bensman,* 200 Wis. 36, 39, 227 N. W. 253.

I have no quarrel with the statement of the majority that it is the established rule in this state that our statutes of limitation operate to extinguish the legal right as well as to bar the remedy. Certainly, when judgment was taken by the plaintiff in 1928 the debt which was sought to be recovered was extinguished. But it is just as certain and clear that upon the entry of judgment a new right, a new cause of action was created. The majority does not dispute that. And the new right continued until extinguished by the statute of limitations, tolled as it was here by the fact that

defendant was out of the state and by the application of the provisions of sec. 330.30, Stats.

Before its amendment in 1878 what is now sec. 272.04 (1), Stats., which limits the time within which an execution may issue, contained the provision:

". . . Provided, that no execution shall issue, nor *any action* or proceedings be had upon any such judgment after twenty years from the time of the rendition or docketing thereof." (Ch. cxxxiv, p. 1545, sec. 2, Stats. 1871.)

Significantly, by the revision of 1878 the words, "nor any action" were deleted. Following sec. 2968 (now sec. 272.04), Sanborn & Berryman's Anno. Stats. 1889, appears a revisor's note to the effect that the words were deleted because the subject is covered by the chapter on limitation of actions. The deletion could have been made for no other reason. Present the words, there seems to have been a question as to whether the provisions of sec. 272.04 (1) did not conflict with those appearing in the chapter on limitations, particularly those of sec. 330.30. It is clear to me that the deletion must have been made so as to remove any doubt that the provisions of the latter section should control as to the time within which an action may be brought upon a judgment when the judgment debtor is out of the state.

I cannot agree that sec. 272.04, Stats., "applies to the life of the judgment." Its provisions apply only to proceedings brought to enforce judgments and are not intended to make those of sec. 330.30 a nullity. There is no conflict between its provisions and those of sec. 330.30.

The petition for an order granting leave to sue upon the judgment should have been granted.

I am authorized to say that Mr. Justice HUGHES joins in this dissent.