(No. 39576.—

Air Line Stewards and Stewardesses Association *et al.,* Appellees, *vs.* Rowland K. Quinn, Jr., *et al.*— (Frederic A. Simpson *et al.,* Appellants.)

*Opinion filed May 23, 1966.—Rehearing denied September 21, 1966.*

Russell J. Topper and Leo S. Karlin, both of Chicago, for appellants.

Marshall Patner and John Hudson, both of Chicago, for appellees.

Mr. Justice Underwood delivered the opinion of the court:

This cause began as an equitable proceeding in the circuit court of Cook County, seeking, *inter alia,* a judicial determination of the lawful union representation of a labor group identified as the air-line stewards and stewardesses. The suit was instituted as a class action by officers and other named members of the Air Line Pilots Association (ALPA), a voluntary unincorporated trade association, against the then officers of the ALPA's then affiliate, the Air Line Stewards and Stewardesses Association (ALSSA), alleging mismanagement of union affairs and violations of the ALPA constitution, and sought to restrain the individual defendants from continuing to hold themselves out as officers of ALSSA. The defendants answered individually and counterclaimed as representatives of the members of ALSSA.

During the proceedings, the defendants organized a new independent union, ALSSA, which on April 13, 1961, became an affiliate of the Transport Workers of America (TWU). During the protracted litigation in both Federal and State courts, the National Mediation Board ordered elections to determine which union would represent the air line stewards and stewardesses.

Subsequent to the elections, the parties below through their respective attorneys entered into a settlement agreement awarding union representation of the stewards and stewardesses pursuant to the outcome of the elections held by the several air lines. This settlement agreement, incorporated into the decree of the court, contemplated payment of attorneys' fees out of funds placed in escrow by several air-line companies representing checked-off dues from union members which had been withheld from their salaries and held by the air-line companies for the proper representative unions.

On June 10, 1963, the trial court entered an order

awarding the law firm of Leibik and Weyand $75,000 out of ALSSA's $82,000 share of the checked-off union dues as attorneys' fees for representing ALSSA in litigation before various State and Federal tribunals including the proceedings herein. This order is the subject of the present controversy, the adverse contentions of ALPA and ALSSA *inter se* being wholly settled by the aforementioned agreement.

On July 10, 1963, Frederic A. Simpson, who had been appointed "administrator" of ALSSA-TWU, sought to have himself substituted in such capacity in the proceedings in the trial court for the purpose of challenging the fee order. He offered to prove that he was the duly appointed representative of ALSSA-TWU members pursuant to the constitution of the TWU parent union, that the original defendants herein had been relieved of their duties as officers of the union, and that the fee order had been obtained by fraud. Several motions, answers, and replies were filed by attorneys for Simpson and by Lee Leibik, the latter purporting to act on behalf of the original defendants-counterclaimants. Ultimately, Simpson's motion for substitution, his offers of proof and his motion for leave to file a motion to vacate the fee order of June 10, 1963, were denied, the court finding that he was a stranger to the action. Thereafter, and prior to termination of his "administratorship", Simpson filed notice of appeal.

The Appellate Court for the First District dismissed Simpson's appeal, holding that since on February 1, 1964, Simpson's "administratorship" had been voluntarily terminated, there was no proper appellant before the court.

The question before us is whether the appellate court was correct in dismissing the appeal to that court. This question is of constitutional dimension, conferring jurisdiction here as a matter of right, for if the appellate court's dismissal was improper, appellants have been denied their constitutional right of appeal (Ill. Const., art. VI, sec. 7), as the

order of dismissal precludes review of the trial court action.

While the cause was pending in the appellate court, Simpson's "administratorship" was terminated. He therefore sought, under section 92(1)(b) of the Civil Practice Act (Ill. Rev. Stat. 1963, chap. 110, par. 92(1)(b)) to substitute the newly elected officers of ALSSA-TWU as parties appellant. The appellate court, in denying this request, stated that "* * * the persons he [Simpson] sought to bring in as parties were already before the court by the representation of the named counterplaintiffs, which parties the circuit court had determined were properly representative of the class consisting of ALSSA members. At no time did any of these persons contest or object to their class representation in the trial court." (62 Ill. App. 2d 358.) We agree that no member of the represented class personally sought to contest the original class representation in the trial court, but Simpson had there alleged that the original representatives were no longer empowered to act as such; that he, as "administrator" was the duly appointed representative of the ALSSA-TWU members, and that he should therefore be substituted as a party for the purpose of attacking the fee order in question. Under such circumstances, it cannot be said that members of the class originally represented by the original defendants-counterclaimants herein were not objecting to such continued representation. They, allegedly through Simpson, were doing exactly that. Apparently, under the appellate court's view, a member of a class might personally attack the representation in a class suit, but a newly elected or appointed representative of that same class who, pending the litigation, allegedly had supplanted and replaced the original representatives thereof, could not. We believe this distinction erroneous.

There is, in our opinion, no valid reason why the newly elected officers of ALSSA-TWU should not have been allowed by the appellate court, on Simpson's attorney's application, substitution as Simpson's successor representatives

under section 92(1)(b) of the Civil Practice Act, allowing substitutions of parties appellant in certain circumstances and as the reviewing court deems just. It is clear that Simpson's attorney, in requesting such substitution, was acting pursuant to authority given him by the newly elected officers of ALSSA-TWU requesting that they be joined as parties appellant in the pending litigation, and to deny the motion because it was filed by Simpson through his attorney is to exalt form over substance.

The appellee Leibik, who seeks to protect the fee order, moved in the appellate court and has moved here to dismiss the appeal for want of an appellant. This argument is predicated upon the contention that Simpson, as "administrator" of ALSSA-TWU, never has had capacity to litigate in the trial court, appellate court, or here on behalf of a voluntary unincorporated association, which has been held to not have the capacity to sue or be sued as a legal entity. (See *Cahill* v. *Plumbers, Gas and Steamfitters' and Helpers' Local 93*, 238 Ill. App. 123; *Chicago Grain Trimmers Ass'n* v. *Murphy*, 389 Ill. 102; 4 Am. Jur., Associations and Clubs par 41; see also *Illinois State Bar Ass'n* v. *United Mine Workers*, No. 39642, decided this term.) Some argue that labor unions should be treated as juridical persons (Comment, 66 Yale L.J. 712; Forkosch, The Legal Status and Suability of Labor Organizations, 28 Temp. L. Q. 1), but that question need not be decided here, for we read Simpson's application to substitute himself as a party in the proceedings in the trial court as requesting such in a representative capacity. He is purporting to act as the lawful representative of a class, to-wit: the members of ALSSA-TWU. He justifies his application for substitution on the contention that Rowland K. Quinn and the other former officers of ALSSA-TWU have been deprived of their authority pursuant to the union charter and bylaws and may no longer validly act in a representative capacity for the union members, and that he is the lawful successor rep-

resentative of the members of the association. Under such circumstances, appellee's motion to dismiss for want of an appropriate litigant or appellant is not well-founded. We believe the inquiry here is rather whether the trial court's order denying Simpson substitution was, in the posture that it reached the appellate court, appealable.

While the question as to whether an order denying a motion for substitution of parties is appealable has been given conflicting answers by various courts acting under similar factual circumstances (Anno: 16 A.L.R. 2d 1057, at page 1060) and standards by which appealability may be determined are imprecise, we believe the circumstances of the present case militate heavily in favor of appealability. The trial court's denial of substitution clearly affects substantial rights, serving to wholly preclude Simpson from contesting the fee order which he contends resulted from collusive action of Leibik and the former officers and to completely determine the action as to those whom Simpson purports to represent. Moreover, the litigation involving the original parties is wholly settled. We believe the trial court's order manifestly appealable. See *Phillips* v. *Brandt,* 231 Minn. 423, 43 N.W.2d 285; *Stanley C. Hanks Co.* v. *Scherer,* 259 Wis. 148, 47 N.W.2d 905; Anno: 16 A.L.R. 2d 1057, 1062.

A "Motion to Require Identity of Appellees and Establish Authority to Litigate" filed by appellants in this court and taken with the case has been replied to by the "attorneys for appellees" who say "appellees * * * are defending an award made in the trial court to them for fees as attorneys," and that "the attorneys who received the award are proper parties if an appeal is perfected." Since it is apparent that Lee Leibik and Ruth Weyand, the attorneys in whose favor the fee award was made are, at this point, the real parties in interest and regard themselves as appellees, and since it is apparent that the former officers and members of ALSSA who are nominal appellees are no

longer officers or even members of ALSSA-TWU, we believe resolution of the fee question will be best expedited by accepting the contention of Lee Leibik and Ruth Weyand that they are proper parties and appellees and substituting them as such herein (Ill. Rev. Stat. 1965, chap. 110, par. 92(b), (e),) and at the same time dismissing the nominal appellees, Quinn *et al.*, whose authority as officers and members of ALSSA has terminated and who apparently have no present authority to appear in this action on behalf of ALSSA-TWU or its membership.

It is therefore hereby ordered that Rowland K. Quinn, Jr., Darlene Frey, Janette Heisler and Nancy Silverthorn are dismissed as parties hereto and Lee Leibik and Ruth Weyand are substituted as appellees herein. It is further ordered that this cause be and it is remanded to the appellate court with directions to there allow the newly elected officers of ALSSA-TWU substitution as parties appellant, and to determine whether, on the merits, Simpson, as newly appointed representative of the members of ALSSA-TWU, should have been allowed substitution as a party litigant in the trial court under section 54 of the Civil Practice Act (Ill. Rev. Stat. 1963, chap. 110, par. 54) for the purpose of attacking the fee order.

The judgment of the appellate court dismissing the appeal is reversed and the cause is remanded to that court for further proceedings in accordance herewith.

*Reversed and remanded, with directions.*