Air Line Stewards and Stewardesses Association, International, by C. N. Sayen and Don J. Smith, et al., Plaintiffs-Appellees, v. Rowland K. Quinn, Jr., etc., et al., Defendants-Appellees.

Air Line Stewards and Stewardesses Association, International, etc., et al., Counterplaintiffs-Appellees, v. Air Line Pilots Association, etc., et al., Counterdefendants-Appellees.

Fredric A. Simpson, as Administrator of Air Line Stewards and Stewardesses Association, Local 550, Transport Workers Union of America, Petitioner-Appellant.

Gen. No. 49,376.

First District, Fourth Division.

August 4, 1965.

Rehearing denied September 28, 1965.

Russell J. Topper, of Chicago, for Fredric A. Simpson, as Administrator of Air Line Stewards and Stewardesses Association, Local 550, Transport Workers Union of America, appellant.

Leibik & Weyand, John Hudson, and Marshall Patner, all of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Appellees who are named members of the Air Line Stewards and Stewardesses Association, International (ALSSA), an unincorporated trade association, on behalf of themselves and all other members of the class, have moved in this court to dismiss the appeal of one Fredric Simpson, the purported administrator of the union. He had appealed to this court from orders of the Circuit Court awarding attorneys' fees for services rendered on behalf of ALSSA, and denying Simpson's motions to vacate and for leave to file motions to vacate the fee order. The issue now before us is whether a subsequent voluntary termination of the administratorship necessitates dismissal of the appeal.

A history of the litigation is required in order to understand its present status. On August 28, 1960 the Air Line Pilots Association (ALPA), an unincorporated trade association, by its President C. N. Sayen and its Treasurer D. J. Smith and other named members of the association, and ALSSA by its purported acting President and Treasurer, Sayen and Smith, respectively, filed a complaint against Rowland Quinn, Nancy Silverthorn, Darlene Frey and Janette Heisler, allegedly purporting to be President, Treasurer, Vice President and Secretary, respectively, of ALSSA.

It was not disputed that Quinn and the other defendants had been elected to their offices at the 1959 regular biennial convention of ALSSA. It was charged, however, that ALSSA was a chartered subsidiary of ALPA, which derived its organizational jurisdiction under the charter of affiliation issued to it by the American Federation of Labor—Congress of Industrial Organizations; that the permanent charter of affiliation issued to ALSSA by ALPA in 1951 had been revoked; that such revocation was for cause involving election irregularities at the aforementioned convention, misappropriation of assets by the defendants, and

359

the enaction by ALSSA of constitutional amendments without approval of ALPA as required under the permanent charter; that the revocation reverted ALSSA to its status under the previously issued conditional charter of affiliation; that under that charter ALPA had appointed Sayen and Smith as acting officers for ALSSA; that Quinn and the other defendants continued to hold themselves out as officers of ALSSA contrary to the direction of ALPA.

The defendants answered, counterclaimed and filed numerous pleadings to the effect that the charters issued to ALSSA by ALPA were ultra vires its organizational power under the AFL–CIO charter, contrary to the ALPA Constitution and federal statute. In their counterclaim the defendants individually and on behalf of all the members of ALSSA also sought a declaration of the rights of the parties.

Thus, each set of contestants sought judicial approval of themselves as the "true and proper" officers of ALSSA with right to the sole and exclusive use of the union's name, properties, records, funds and other assets.

None of these issues ever reached the trial stage. In the spring of 1961, Quinn, on behalf of ALSSA, obtained a charter of affiliation with the Transport Workers Union of America, AFL–CIO (TWU). Also in 1961 the National Mediation Board, upon applications by ALPA for the investigation of representation disputes among stewards and stewardesses on certain airlines, directed elections to be held for the selection of ALPA or ALSSA–TWU as their bargaining representative.

A verified supplemental counterclaim and supporting affidavit filed on behalf of the counterclaimants states, in summary, that some of the elections were won by ALPA and some by ALSSA–TWU. Where ALSSA

360

won, it was certified as sole bargaining agent. ALPA was prohibited from using the name ALSSA on the ballots, ALSSA–TWU having the exclusive use to such name. At the regular biennial convention in 1961 Quinn, Colleen Boland, Janette Heisler and Helen Chase were elected President, Vice President, Treasurer and Secretary, respectively, of ALSSA–TWU.

The counterplaintiffs then filed a motion for summary judgment which was contested. On February 5, 1962, after hearing, the trial judge ruled in favor of counterplaintiffs, holding that the determinations and rulings made by the National Mediation Board were res adjudicata of the basic issues raised by the pleadings, and submitting the remaining question of property rights to a master.

There never was a master's report, however, because on June 5, 1963 the Circuit Court entered a final decree based upon an agreement reached by the parties and stipulated to by their respective counsel. The decree read in part that:

. . . The plaintiffs-counterdefendants and the defendants-counterplaintiffs are adequate and proper representatives of those classes of persons on whose behalf the complaint and counter-complaint were filed, and suitable notice to the persons in said classes being assured by reason of such representation.

Part of the stipulation adopted in the decree provided that:

The Court shall provide by order for the payment of attorneys' fees to counsel for the parties. . . .

On June 10, 1963 the trial judge entered the disputed order awarding $78,000 to attorneys Leibik and Weyand as attorneys' fees for services rendered to

361

ALSSA. The order sets forth that the trial judge had heard and examined the evidence and arguments offered by the attorneys and was aware of the work performed by them in the case at bar in the trial and reviewing courts, and in ancillary proceedings before various federal courts, departments and agencies, "all of which proceedings directly involved the litigation herein. . . ."

On June 27, 1963 the International Administrative Committee of TWU, purporting to act under the authority of the TWU Constitution, imposed an administratorship over ALSSA–TWU. Fredric Simpson was appointed administrator with authority to take over and conserve the assets of ALSSA and to have the sole authority to speak and act for it and to administer its affairs.

On July 10 and September 5, 1963 oral motions were made to file written petitions in the name of ALSSA–TWU by Simpson as Administrator. These petitions, in substance, asked the Circuit Court for leave to substitute Simpson as Administrator in the place of Quinn as the duly authorized representative of ALSSA. They also asked the court to vacate the fee order of June 10 and to enter other orders necessary to insure Simpson's rights to the funds of the union.

On October 1, 1963 the following order was entered:

This cause coming on for hearing on the motion of attorneys Topper and Karlin, strangers to this proceeding, for leave to file petition to vacate, and the court being fully advised in the premises and having heard argument of counsel;

It is, Therefore, Ordered, Adjudged, and Decreed that the oral motion for leave to file petition to vacate order of June 10, 1963, filed by strangers to this suit, be and the same is hereby denied.

The arguments by ALSSA to dismiss the appeal pivot on Simpson's capacity to litigate on behalf of an unincorporated association. We do not think it necessary to reach that issue, however, because TWU voluntarily terminated the administratorship on February 1, 1964. On June 11, 1964 Simpson, still purporting to act as Administrator of ALSSA, presented to this court a motion (as amended and supplemented July 21) to add certain named members of ALSSA as appellants. Neither on those dates, nor at any time after February 1, 1964 was Simpson the Administrator of ALSSA, the only capacity in which he sought to appeal. He was, therefore, no longer a party to these proceedings and misrepresented his capacity to this court. Furthermore, the persons he sought to bring in as parties were already before the court by the representation of the named counterplaintiffs, which parties the Circuit Court had determined were properly representative of the class consisting of ALSSA members. At no time did any of these persons contest or object to their class representation in the trial court. The motion of Simpson "as Administrator" to make them appellants at this time is denied. There being no appellant before the court, the appellees' motion to dismiss is allowed.

Appeal dismissed.

McCORMICK, P. J. and DRUCKER, J., concur.